Abbotts Dairies, Incorporated, Case.

Argued January 13, 1941.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edward Davis,* for appellant.

*M. Louise Rutherford,* Deputy Attorney General, with her *J. Charles Short,* and *Claude T. Reno,* Attorney General, for appellee.

*Lewis H. Van Dusen, Jr.,* for Dairymen's Guild, appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 24, 1941:

The matter to be passed upon is: Does the Pennsylvania Labor Relations Board have jurisdiction of this proceeding?

The Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, 43 PS Sec. 211.1 et seq., provides that the Board created by it is empowered to prevent unfair labor practices by employers whom it defines in this language (Section 3, 43 PS Sec. 211.3): "The term 'employer' includes any person acting, directly or indirectly, in the interest of an employer, but shall not include the United States or the Commonwealth, or any political subdivision thereof, or any person subject to the Federal Railway Labor Act or the National Labor Relations Act. . . ." The National Labor Relations Act (Act of July 5, 1935, C372, 49 Stat. 449, 29 USCA Sec. 151) confers jurisdiction upon the Board, which it creates, to prevent any person from engaging in any unfair labor practice "affecting commerce." These words in the terms of the act mean interstate commerce. Therefore, where the dispute involved is one affecting interstate commerce, it is within the jurisdiction of the National Board and is excluded from the jurisdiction of the State Board by the terms of the Commonwealth's statute "shall not include any person subject to the National Labor Relations Act."

The contention of appellant, Driver-Salesmen's Union, Local No. 463, is that the State Board has no jurisdiction over the controversy which exists between it and the employer of some of its members, Abbotts Dairies, Incorporated, and The Dairymen's Guild, with which other employees are affiliated.

Abbotts Dairies is in the milk business. It maintains offices in Pennsylvania, New Jersey, Maryland and Wisconsin. It has two creameries in Wisconsin and receiving and other plants in the states named. Milk is purchased largely through the Interstate Milk Producers Cooperative, an association of milk producers residing in eastern Pennsylvania, the eastern shore of Maryland, in Delaware and the southern part of New Jersey. In 1937, it purchased about $6,000,000 worth of milk, $3,500,000 in Pennsylvania, $750,000 in New Jersey, $500,000 in Maryland, and $1,250,000 in Wisconsin, of which $1,796,000 moved out of the State in which it was bought into some other State for sale. The Dairies' products are sold in almost all the States of the Union. 12.9% of the total business of the Dairies represents interstate transactions. While all the employees engaged in the present dispute were performing intrastate duties—the local delivery of milk—the dispute had a pronounced effect on the interstate activities of the Dairies. Because of the strike which occurred in connection with the dispute during a period of two months, the Interstate Milk Cooperative was forced to take 1,163,453 quarts of milk off the hands of producers because of the inability of the Dairies to market the milk. $46,200 was lost by producers in Pennsylvania, $8,700 by producers in New Jersey and $5,400 by producers in Maryland. To this extent shipment of milk in interstate commerce was affected.

With these facts appearing in the record, we are of opinion that the dispute is one affecting interstate commerce and in view of the express provisions of the State Labor Relations Act, the State Board has no jurisdiction over it.

As a result of the labor dispute, The Dairymen's Guild filed a petition for investigation and certification of representatives with the National Labor Relations Board. The petition was dismissed by that Board without reason for its action being assigned. After the dismissal, The Dairymen's Guild filed a like petition with the Pennsylvania Labor Relations Board. Appellant, Driver-Salesmen's Union, Local No. 463, intervened in the proceeding and questioned the jurisdiction of the Pennsylvania Board. The Board decided that it had jurisdiction and the proceeding was carried through before it to finality. After the final order was entered, Driver-Salesmen's Union filed a petition in the court below for review, alleging want of jurisdiction in the Board. No other question was raised before the court. It decided that the Board had jurisdiction and dismissed appellant's petition, from which action comes this appeal.

The court below assumed that the National Board had dismissed the petition presented to it, because of a determination that it did not have jurisdiction, the dispute not being one affecting interstate commerce. As before stated, no reason was given for the dismissal. Our conclusion on the showing in the record before us is that it does affect interstate commerce, and this being so, under our act the Pennsylvania Board was without jurisdiction. So far as we are concerned, the decision of the National Board that, under the circumstances here appearing, the employer was not subject to its jurisdiction, because the dispute did not affect interstate commerce, would not alter our view. We would bow only to the decision to that effect by a Federal Court.

The order of the court below is reversed, with directions to reinstate appellant's petition and to dismiss the proceedings before the Pennsylvania Labor Relations Board for want of jurisdiction. Costs to be paid by appellee.