## Petition of Equitable Gas Company

*Chauncey E. Pruger* and *Reed, Smith, Shaw & Mc-Clay,* for appellant.

*Charles M. Christler* and *Seif, Evashwick & Best,* for respondents.

RICHARDSON, J., February 7, 1944.—This is a proceeding in the nature of a review of a decision and order of the Pennsylvania Labor Relations Board, certifying the Independent Association of Employees of the Duquesne Light Company and Associated Companies (hereinafter for convenience called the Independent) as the exclusive collective bargaining representative of the nonsupervisory telephone department employes of the Equitable Gas Company. For convenience, the Equitable Gas Company will be designated hereinafter as Equitable and the Pennsylvania Labor Relations Board as the Board.

Independent filed its petition with the Board on May 4, 1943, alleging that a question had arisen concerning the representation, for the purposes of collective bargaining, of the employes of the telephone department of Equitable. An investigation was made by the Board, and hearings held. On August 12, 1943, the board filed a nisi decision, in which it found that Equitable was not engaged in interstate commerce, nor did its operations affect that commerce in such a close and substantial manner as to confer jurisdiction upon the National Labor Relations Board. An order was entered directing that an election be held among the nonsupervisory telephone department employes of Equitable, to ascertain whether they desired Independent to represent them exclusively. The Board included in its order a provision that, in the absence of any exceptions filed within 10 days from the date thereof, the

decision and order should become final and absolute as of course. Service of this decision and order nisi was had on Equitable on August 16, 1943. No exceptions were filed. On August 25, 1943, the Board fixed a date for the election. On September 16, 1943, the Board issued an order nisi, certifying that Independent had been chosen as the exclusive bargaining agent of the telephone department employes as the result of an election. This order also contained the provision that it should become final and absolute within 10 days therefrom unless exceptions were filed thereto. On September 24, 1943, Equitable filed exceptions to the decisions and orders of the Board of August 12th and September 16th, these exceptions denying the Board's jurisdiction in the premises, and, inter alia, challenging the correctness of the findings of fact in the decision of August 12, 1943. It requested an opportunity to present oral arguments in support thereof. On September 29, 1943, the Board dismissed the exceptions for the reason that "the question raised . . . has been determined by the Board in its nisi decision and order" of August 12, 1943, "to which no exceptions have been duly interposed" and "the question has been finally determined". The order of September 16, 1943, was made final and absolute. Equitable then filed its petition for review in this court.

The exceptions filed raise the following questions:

1. Is Equitable a "person aggrieved" within the meaning of section 9(b) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, 43 PS §211.9, as amended by the Act of May 26, 1943, P. L. 651?

2. Is Equitable precluded from filing exceptions to the order of certification by reason of its failure to except to the order of August 12, 1943, within 10 days?

3. Is Equitable an "employer" within the meaning of section 3(c) of the Pennsylvania Labor Relations Act?

4. Under the facts found by the Board, is the certification of a bargaining representative for the telephone department employes solely within the jurisdiction of the National Labor Relations Board?

I. *Is Equitable a "person aggrieved"?*

The Board takes the position that Equitable is not a "person aggrieved" within the meaning of the Act of 1937, sec. 9(*b*), because it has neither challenged the Board's conclusion that Independent is the proper bargaining agent for the employes, nor claimed that the unit selected is not the appropriate one. In our opinion, the objection to the jurisdiction of the Board embraces both of these conclusions. The employer is challenging the power of the Board to select the bargaining agent with which he must deal. In the event the certification of the bargaining agent is invalid, the employer has no protection against the actions of other groups he has refused to recognize because of the order. To deny him the right to ascertain the validity of the certification by legal and orderly processes certainly violates the rules of justice and fair play. This is particularly true where the principal question involved here is one which is not easily determined and concerning which there is a great diversity of opinion.

We believe that Equitable has such an interest in the subject matter of the proceeding that it may properly complain of an order adverse to its contention that it cannot bargain with an agent of the employes who has been certified without authority. In the absence of any limitation in the definition of "person" in section 3(*b*) of the act, it would seem that Equitable is a "person aggrieved" and may properly ask for a review of the decision.

II. *Effect of the failure to file exceptions to the nisi order of August 12, 1943*

The record shows that the gas company filed its objection to the jurisdiction of the Board in time for con-

sideration before it made its final order of certification. The examiner for the Board, at the first hearing, expressly stated that the question was for consideration. We might dismiss the Board's contention on the ground that this court has the right to consider objections not urged before the Board because of extraordinary circumstances (section 9(a)) —those circumstances being the refusal of the Board to consider a question going directly to the subject of its jurisdiction. However, we are of opinion that the question of general jurisdiction may be raised at any time, and that the Board cannot circumvent an attack upon its authority by rules of limitation. We believe that the question of the Board's jurisdiction is properly before us for review.

III. *Is Equitable an employer within the meaning of section 3(c) of the Pennsylvania Labor Relations Act?*

Section 3(c) of the Act of 1937, P. L. 1168, excluded as an "employer" a person subject to the National Labor Relations Act. In 1943, the act was amended by striking out the reference to the N. L. R. A.: Act of May 27, 1943, P. L. 741. The title to the Act of 1943 expresses the intention of the legislature to include "persons subject to the National Labor Relations Act". Consequently, we must construe the act as amended in the light of the manifest intention of the legislature that the Board shall have jurisdiction over an employer whose operations affect interstate commerce.

The Board found that Equitable is engaged in supplying natural gas to customers in Pennsylvania. Nearly five sixths of the total supply of gas in 1942 was purchased at the Pennsylvania-West Virginia line by Equitable from an associate company. The gas is produced in West Virginia and transported to Pennsylvania through four pipe lines. The telephone department employes are in charge of telephone and tele-

metering services in connection with the production, transmission and distribution of the gas, being employed as clerks, switchboard operators, repairmen, and in the installation of telephone cables, switchboards, and signal equipment. These employes also construct, maintain, and operate the telephone lines of the associate producing company in West Virginia, as well as the telephone lines of other public service companies associated with Equitable and the Philadelphia company in the Pittsburgh district.

The Board "found", however, that Equitable is not engaged in interstate commerce and that its operations did not affect that commerce in such a close and substantial manner as to confer jurisdiction upon the National Labor Relations Board. It was of opinion that adequate telephone service could be had from outside and independent telephone companies even though the employes of the telephone department should quit work. Such a situation, in the Board's opinion, would not affect the supply of natural gas by Equitable to its customers, and therefore interstate commerce would not be affected.

This last-mentioned "finding" of the Board, though incorporated as a finding of fact, does not preclude our review of the nature of the commerce involved. That is a question of law for the court (vide In re Abbotts Dairies, Inc., 341 Pa. 145[1]; Nick et al. v. United States, 122 F.(2d) 660), after the proper tribunal has found the facts. Consequently, we are bound by the facts found by the Board on substantial and credible evidence, but we cannot agree with the Board that Equitable's operations are not interstate commerce, as a

---

[1] This case was decided before the amendment of 1943, and the Supreme Court denied jurisdiction of the Pennsylvania board over an employer engaged in interstate commerce on the ground that the Act of 1937 expressly excluded "any person subject to . . . the National Labor Relations Act".

matter of law. We are of opinion that the operations of Equitable are in such commerce: see N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U. S. 1; N. L. R. B. v. Bradford Dyeing Assn. et al., 310 U. S. 318. Certainly the Board cannot dismiss the factor of interstate commerce by substituting its judgment as to the most efficient telephone service in the production and transmission of natural gas. Any attempt on the part of State authority to carry out the suggestion of the Board that an alternate telephone service be used would affect the business of the gas company and therefore impose a burden on interstate commerce: Pueblo Gas & Fuel Co. v. N. L. R. B., 118 F. (2d) 304, and cases cited.

IV. *Is the certification of a bargaining agent for the employes of the telephone department solely within the jurisdiction of the National Labor Relations Board?*

Being of opinion that the operations of Equitable affect interstate commerce, we must determine whether the Pennsylvania board had authority to certify a bargaining agent for the telephone department employes. If their work affects interstate commerce, the National board has authority to certify a bargaining agent for them. It has not acted. Assuming the propriety [2] of the exercise of authority by the National board over a labor dispute affecting interstate commerce, that board's authority would be paramount, and the State board's jurisdiction over the same dis-

---

[2] In Consolidated Edison Co. et al. v. N. L. R. B., 305 U. S. 197, Chief Justice Hughes said (p. 223):

"The justification for the exercise of federal power should clearly appear . . . But the question in such a case [i. e., interference with interstate commerce by employer's unfair intrastate labor practice] would relate not to the existence of the federal power but to the propriety of its exercise on a given state of facts."

pute would be ousted. In the present case, however, there is no clash between Federal and State authority. The National board has not acted. The Legislature of Pennsylvania has conferred on the Board jurisdiction over persons subject to the National Labor Relations Act. Our question is whether the legislature has the power to confer such jurisdiction upon the Board.

A reading of the authorities which deal with the question leads to the conclusion that the passage of the National Labor Relations Act did not ipso facto preclude State legislation applicable to the same situations, and that the State labor relations boards can act under such legislation until such time as they are ousted by the exercise of jurisdiction by the National Labor Relations Board under the National act: see Davega City Radio v. State Labor Relations Board, 281 N. Y. 13, 22 N. E. (2d) 145; Wisconsin Labor Relations Board v. Fred Rueping Leather Co., 228 Wis. 473, 279 N. W. 673; Allen-Bradley Local No. 1111, United Electrical, Radio & Machine Workers of America, et al. v. Wisconsin Employment Relations Board et al., 237 Wis. 164, 295 N. W. 791, affirmed in 315 U. S. 740. In the latter case, the question whether inconsistent State labor legislation may properly apply to businesses which come within the purview of the N. L. R. A. was squarely raised. The Wisconsin court held that the National act is designed to deal with labor controversies which substantially affect interstate commerce, without affecting the right of the States to enact legislation in the exercise of the police power. The court said there could be no conflict between the two acts until they were applied to the same dispute, in which event the Federal jurisdiction would become paramount and exclusive. The Supreme Court of the United States confined its review to the precise facts of the case and affirmed on the narrow ground that the State had the right, in connection with its police power, to prevent

breaches of the peace in connection with labor disputes. The court "intimate[d] no opinion as to the validity of other types of orders in cases where the Federal board has not assumed jurisdiction".

We are of opinion that, in the absence of an exercise of jurisdiction by the National board in the matter, the Pennsylvania board had jurisdiction over the proceedings to certify a bargaining agent for the telephone department employes, and that the order of the Board certifying Independent as such bargaining agent should be affirmed.