ALLEGHENY LUDLUM STEEL CORPORATION, Plaintiff, *v.* WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Defendants.

Supreme Court, Chautauqua County, July 27, 1944.

*Philip Feldblum, Norbert M. Phillips* and *William E. Grady, Jr.,* for defendants.

*Welles V. Moot, William H. Eckert* and *William G. Conable* for plaintiff.

HINKLEY, J. This decision, by agreement of counsel, is not only determinative of defendants' motion to dismiss the complaint under rules 112 and 113 of the Rules of Civil Practice but also of the trial of the equity action itself. There are no disputed questions of fact but only questions of law.

Plaintiff, a Pennsylvania corporation licensed to do business in the State of New York and operating plants in various other States, seeks a declaratory judgment to restrain and enjoin the defendants as the State Labor Relations Board of the State of New York from taking steps to determine a representative of plaintiff's supervisory employees to bargain collectively with plaintiff. Prior to the bringing of the action

and on December 30, 1943, a union of national scope, known as Foremen's Association of America, Allegheny Ludlum Steel Corporation Chapter No. 58, filed with defendants a petition seeking an investigation by defendants by virtue of article 20 of the State Labor Law and further asking that the Union be certified as the collective bargaining agent or representative of the foremen or supervisors of plaintiff's Dunkirk plant. This must not be confused with the certification by the National Labor Relations Board of the C.I.O. as bargaining agent or representative of the so-called rank and file of plaintiff's employees in the Dunkirk plant. The defendants proceeded with such investigation and while so acting this action was brought. Since the trial of the case an election has been held and a majority of eligible foremen who voted in that election chose the said Foremen's Association of America, Chapter No. 58 to be their bargaining agent or representative for the purpose of collective bargaining.

Plaintiff contends that the defendants are without jurisdiction to act in the matter. This contention is based upon the fact that the plaintiff is engaged in interstate commerce and that the jurisdiction rests exclusively with the National Labor Relations Board by virtue of the National Labor Relations Act (U. S. Code, tit. 29, § 151 *et seq.*) Plaintiff also contends that if the defendants have jurisdiction under ordinary circumstances they are not authorized to receive and act upon the petition of the said Foremen's Association of America, because of a definite policy adopted by the National Labor Relations Board decreeing that a unit composed entirely, as this one is, of foremen or those occupying a supervisory position with the company is not an appropriate unit for collective bargaining.

Defendants contend that they are vested with jurisdiction; that they were required to act; that they are not controlled by any policy of the National Labor Relations Board, and that the union in question is an appropriate bargaining agent for collective bargaining.

This decision would be easily arrived at were it settled by judicial decisions that the National Labor Relations Board, whether acting or not, covered the whole field of employer and employee relations in industries engaged in interstate commerce. For this plaintiff is almost exclusively engaged in interstate commerce and it cannot be said by any stretch of the imagination that it is subject to the *minimis* rule. On the contrary, the law is well settled that defendants have jurisdiction to act when their acts do not conflict with those of the National

Labor Relations Board or in the event that the latter Board has taken no steps to accept jurisdiction (*Matter of Davega-City Radio* v. *Labor Board,* 281 N. Y. 13), or unless the intention of Congress is clearly expressed that the Federal Board shall cover the entire field.

Although the National Labor Relations Board has assumed jurisdiction to certify a representative for collective bargaining between plaintiff and the rank and file of plaintiff's employees in the Dunkirk plant, the National Board has never been petitioned by the Foremen's Union involved herein, nor by any other similar union or group, asking to be designated as bargaining agent or representative of the plaintiff's Dunkirk plant. Nor has the National Labor Relations Board done any act in relation to collective bargaining by the foremen or supervisors of that plant.

This brings us to the narrow question as to whether the adoption by the National Labor Relations Board of a definite policy to refuse to recognize foremen's unions or groups as appropriate bargaining units is controlling upon defendants. This is not, as defendants' counsel contend, the determination by the National Labor Relations Board or the defendants of a question of fact in each individual case. It is a definite policy, broad in its scope, and based upon the definite conclusion of the National Board that such types of unions or groups are not appropriate bargaining agents and should not be recognized. If such policy is controlling upon defendants then it ousts them of any jurisdiction to act in this or any similar case. The court, at this time, as defendants' counsel contend, is not in a position to review the action of defendants in their administrative capacity. Plaintiff must stand or fall upon its claim that, by reason of a declared policy of a superior board, the defendants are without jurisdiction to act in this case. If defendants are without jurisdiction to act, then there is ample authority for a declaratory judgment. (Civ. Prac. Act, § 473; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *Bank of Yorktown* v. *Boland,* 280 N. Y. 673.)

That there is a sharp conflict between the policy of the National Labor Relations Board and that of the defendants is most clear. The view taken by the National Labor Relations Board that it will not lend itself to collective bargaining by foremen's unions or groups is clearly shown by its language in *The Maryland Drydock Company* (49 N. L. R. B. 733) and other of its decisions and in the letter of the regional director attached to defendants' moving papers. That the defendants

take the opposite view and feel in duty bound to aid foremen's unions or groups in collective bargaining is shown by their decision No. 2751 in this case (7 N. Y. S. L. R. B. ——), which decision is attached to defendants' answer.

The court is not called upon nor does it desire to express its opinion of the logic or reasoning or right or wrong of the conflict of policy of the Federal and State Labor Relations Boards. In the absence of a definite intent of statutory regulation and in the further absence of judicial precedent, the court cannot properly decree that in this instance the defendants are without jurisdiction to act simply because the National Labor Relations Board would not act under similar circumstances. Nor can the plaintiff arbitrarily refuse to recognize the State Labor Relations Board because it disagrees with the policy of that Board. Under the circumstances of this case, the plaintiff is called upon to co-operate to the fullest extent with the New York State Labor Relations Board and the certified representative of the foremen's group or union until such time, if it arises, that the defendants are ousted from jurisdiction by the National Labor Relations Board.

The court cannot read into the legislation upon labor relations any intent upon the part of Congress to cover the whole field of employer and employee relations in industrial plants engaged in interstate commerce by the act of Congress in creating the National Labor Relations Board. If so, then State action would be precluded. (*Napier* v. *Atlantic Coast Line*, 272 U. S. 605, 613; *Oreg.-Washington Co.* v. *Washington*, 270 U. S. 87.) Congress cannot be held to have intended to supersede or suspend the exercise of reserved powers of a State, even when that may be done, unless and except so far as its purpose to do so is clearly manifested. (*Ill. Cent. R. R. Co.* v. *Public Utilities Comm.*, 245 U. S. 493, 510, approved in *Welch Co.* v. *New Hampshire*, 306 U. S. 79, 85.)

Here we have, in the language of Chief Justice STONE (*Cloverleaf Co.* v. *Patterson*, 315 U. S. 148, 170, dissenting opinion) an unexercised discretionary power given by Congress to a Federal Board as a means of regulating interstate commerce, when the full exercise of its authority would conflict with an assertion of the State power. But only in a case where the intention of Congress to give to the Federal Board exclusive control over the entire field is clearly manifested can the power of the State to act be superseded. (*N. W. Bell Tel. Co.* v. *Ry. Comm'n*, 297 U. S. 471.) In the absence of such clear intention, it cannot be said that the failure of the Federal Board to exercise its full

power is in effect a controlling administrative ruling that no further regulation by either Federal or State government is proper or needful.

It follows that defendants' motion to dismiss the plaintiff's complaint under rules 112 and 113 must be granted and judgment entered in favor of defendants dismissing plaintiff's complaint upon the merits and not as matter of discretion.

Order and judgment may be entered in accordance with this decision, with opportunity to counsel to file requests to find and conclusions of law, if such intention is indicated within a reasonable time.