In the Matter of PRESIDENT ON SWAN LAKE, INC., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority of the State of New York, Respondents.— Proceeding to review, under article 78 of the Civil Practice Act, a determination made by the State Liquor Authority revoking a hotel liquor license issued to petitioner and directing that no new license be issued for a period of twenty-four months thereafter. This determination was based upon the finding that petitioner suffered or permitted gambling on the licensed premises on July 15, 1944, in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. This finding that petitioner suffered or permitted gambling to take place within the meaning of the statute is not sustained. (*Matter of Reuben, Inc.,* v. *State Liquor Authority,* 268 App. Div. 981, affd. 294 N. Y. 730.) Determination annulled on the law and facts, with $50 costs and disbursements. All concur.

## FOURTH DEPARTMENT, MAY, 1945.

### (May 2, 1945.)

COUNTY OF MONROE, Plaintiff, v. COUNTY OF ONTARIO, Defendant.— Submitted controversy dismissed, without costs and without prejudice, on the ground that the facts stipulated are insufficient upon which to make a determination. All concur. (Submission of controversy in an action to compel reimbursement for money expended for support of poor persons.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.

ALLEGHENY LUDLUM STEEL CORPORATION, Appellant, v. WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Respondents.— Judgment and order affirmed, with costs. All concur. (The judgment dismisses the complaint in an action for a declaratory judgment to restrain defendant from taking steps to determine a representative of plaintiff's supervisory employees to bargain collectively with plaintiff. The order grants defendants' motion for judgment on the pleadings and dismisses the complaint on the merits.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ. [184 Misc. 47.]

In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Respondent, against BETHLEHEM STEEL COMPANY et al., Appellants.— Order so far as appealed from affirmed, with $10 costs and disbursements. All concur. (The portion of the order appealed from grants petitioner's motion to compel defendants to produce certain documents and compel the individual defendants to appear and give testimony before the trial examiner of the New York State Labor Relations Board.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ. [See *post,* p. 813.]

JOHN RICHARDSON, Appellant, v. ERIE RAILROAD COMPANY, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Upon the plaintiff's proof and particularly the testimony as to the failure of the wigwag signals to operate, we think there was sufficient to take the case to the jury. (*Carr* v. *Pennsylvania R. R. Co.,* 225 N. Y. 44; *Elias* v. *Lehigh Valley R. R. Co.,* 226 N. Y. 154; *Hand* v. *Delaware, Lackawanna & Western R. R. Co.,* 267 App. Div. 1037, affd. 293 N. Y. 845.) All concur, except Love, J., who dissents and votes for affirmance. (The judgment dismisses the complaint at close of plaintiff's case in an action for damages for personal injuries arising out of a collision between an automobile and a freight train.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.