## FOOD, TOBACCO, AGRICULTURAL AND ALLIED WORKERS UNION OF AMERICA, LOCAL 186, et al. v. SMILEY et al.

### No. 5724.

District Court, E. D. Pennsylvania.

Dec. 27, 1946.

Saul C. Waldbaum, of Philadelphia, Pa., for plaintiff.

T. McKeen Chidsey, Atty. Gen., of Pa., M. Louise Rutherford, Deputy Atty. Gen., and George L. Reed, Sol., of Harrisburg, Pa., for Pennsylvania State Labor Relations Board.

Ballard, Spahr, Andrews & Ingersoll, by Philip B. Willauer, all of Philadelphia, Pa., for American Tobacco Co.

H. Eugene Heine, of Philadelphia, Pa., for Employees Representation Committee.

GANEY, District Judge.

This matter is before the court on a petition by a labor union local for an injunction against the members of the Pennsylvania Labor Relations Board in their official capacity, The American Tobacco Company, and the Employees Representation Committee of the Tobacco Company, to enjoin them from proceeding in any manner under the Pennsylvania Labor Relations Act[1] in connection with the American Tobacco Company's case[2] which is now pending before the Pennsylvania Labor Relations Board.

On May 5, 1944, the National Labor Relations Board (hereinafter referred to as the National Board) certified the plaintiff, Food, Tobacco, Agricultural and Allied Workers Union of America, Local 186[3] (hereinafter referred to as the Union) as the exclusive bargaining agent for all the production employees in the plant of the American Tobacco Company (hereinafter referred to as the Company) in Philadelphia, Pennsylvania. On or about May 1945, the Company placed into effect in its Philadelphia plant certain conditions of employment upon which agreement had been reached between it and the Union. On October 15, 1945, the Union called a strike against the Company for the purpose of securing a wage increase and other employment benefits for the employees of the Company. On February 19, 1946, while the strike was still in effect, the Employees Representation Committee (hereinafter referred to as the Committee), a committee of production employees of the Company filed a petition with the Pennsylvania Labor Relations Board (hereinafter referred to as the State Board) for the purpose of having itself certified as the collective bargaining agent for the same group of employees for which the Union had been certified as the exclusive bargaining agent. On March 4, 1946, despite the fact that the Union had filed a motion objecting to the jurisdiction of the State Board over the subject matter of the case, because the National Board had previously assumed jurisdiction by certifying it (the Union) as the exclusive bargaining agent for the unit of employees in question, the State Board conducted a hearing to ascertain whether an investigation was necessary for the purpose of determining whether or not a majority of the unit desired a particular representative to bargain collectively for them. Consequently the Union brought this proceeding to enjoin the State Board, the Company and the Committee from taking any further steps in the matter.

Within the time limited by the Federal Rules of Civil Procedure, rule 12, 28 U.S.

---

[1] Act of June 1, 1937, P.L. 1168, No. 294, as amended, 43 P.S. § 211.1 et seq. This Act is modeled after the National Labor Relations Act, often referred to as the Wagner Act of July 5, 1935, c. 372, 49 Stat. 449, 29 U.S.C.A. § 151 et seq.

[2] Case No. 10, year of 1946.

[3] An unincorporated trade union association affiliated with an International Union, which in turn is affiliated with the Congress of Industrial Organizations.

C.A. following section, 723c, the Company and the Committee filed answers to the complaint, while the State Board filed a motion to dismiss "because it does not state any matter of equity entitling plaintiff to the relief prayed for, nor are the facts as stated sufficient to entitle plaintiff to any relief against the defendants". The motion was denied.

On February 26, 1946, after a preliminary hearing was had, this court entered a decree granting the motion for a preliminary injunction. In the meantime, on April 9, 1946, a contract, to last for a period of one year, covering wages, hours and working conditions for the production employees at the Philadelphia plant, was entered into between the Company and the Union. On April 22, the State Board filed a "second" motion to dismiss the complaint for the reasons, in addition to the fact that it failed to state a claim upon which relief can be granted, that (1) the amount in controversy, exclusive of interest and costs, is less than three thousand dollars, (2) the defendant has not been properly served, and (3) the venue has been improperly laid in the eastern district of Pennsylvania. On the same day, the State Board filed a motion to dissolve the preliminary injunction.

■ This court has jurisdiction over the subject matter of this action by virtue of Section 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8), which provides that the District Courts shall have jurisdiction: "Of all suits and proceedings arising under any law regulating commerce." American Federation of Labor et al. v. Watson, Atty. Gen. of Florida, et al., 327 U.S. 582, 591, 66 S.Ct. 761, 765, 90 L.Ed. 873. When the District Courts have jurisdiction under this section the amount in controversy is immaterial and therefore allegation and proof of a jurisdictional amount are unnecessary. Parker v. Brown, 317 U.S. 341, 349, 63 S. Ct. 307, 87 L.Ed. 315; 1 Moore, Federal Practice (1938), Section 8.06.

■ Before determining the merits of the State Board's contention that service on it was improperly made, we must determine whether the State Board has waived its right to raise that defense. Despite the fact that a defendant is improperly served, the court may still acquire jurisdiction over his person where he waives his objections to the insufficiency of the service of process either expressly, by failure to make the objection in time, or by failure to make the objection in the proper manner. Lamantia v. United States, 5 Cir., 5 F.2d 68; 1 Moore, Federal Practice (1938), sections 12.03, 12.10.

■ "Civil Procedure Rule 12, 28 U.S. C.A. following section 723c, requires all such jurisdictional defenses to be included in a single motion or in the answer and provides that all defenses of this kind which are not included in a motion, if one is made, shall be treated as waived." Branic v. Wheeling Steel Corporation, 3 Cir., 152 F.2d 887, 888. See also Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 139 F.2d 871, certiorari denied, Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L. Ed. 1573. Therefore the State Board must be taken to have waived any objection as to the jurisdiction of this court over its person by failing to include that objection in its first motion to dismiss the complaint. It is true that the State Board did raise the question of the improper service of the summons and the complaint in its "second" motion to dismiss the complaint. However, that motion was filed too late. Carter v. Powell, 5 Cir., 104 F.2d 428; Ginn v. Biddle, Atty. Gen. of U.S., et al., D.C.E.D.Pa. 60 F.Supp. 530. By the same token, the State Board must be taken to have waived its right to raise the question of improper venue. Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S. Ct. 98, 73 L.Ed. 252; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S. Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Robinson v. Coos Bay Pulp Corporation, 3 Cir., 147 F.2d 512; Iselin v. LaCoste, 5 Cir., 147 F.2d 791; Bogar v. Ujlaki, D.C.W.D. Pa., 4 F.R.D. 352; 1 Moore, Federal Practice (1938), sections 4.09, 8.05, 12.04. But compare Martin v. Lain Oil & Gas Co., D.C.E.D.Ill., 36 F.Supp. 252, 254.

Subdivisions (a) and (c) of section 9 of the National Labor Relations Act, 29 U.S. C.A. § 159(a) and (c), provide:

"(a) Representatives designated or selected for the purposes of collective bar-

gaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment: Provided, That any individual employee or a group of employees shall have the right at any time to present grievances to their employer."

"(c) Whenever a question affecting commerce arises concerning the representation of employees, the Board may investigate such controversy and certify to the parties, in writing, the name or names of the representatives that have been designated or selected. In any such investigation, the Board shall provide for an appropriate hearing upon due notice, either in conjunction with a proceeding under section 160 of this title or otherwise, and may take a secret ballot of employees, or utilize any other suitable method to ascertain such representatives."

Subdivisions (a) and (c) as amended,[4] of section 7 of the Pennsylvania Labor Relations Act, 43 P.S. § 211.7(a) and (c), are respectively identical and similar to the corresponding subdivisions of section 9 of the National Act.

■ The plaintiff does not challenge the constitutionality of the section of the State Statute by virtue of which the State Board purported to assume jurisdiction. What it does challenge, however, is the right of the State Board to assume jurisdiction over this dispute. Before deciding this question, we must dispose of the State Board's contention that the administrative remedy provided by the State Act gives the plaintiff a complete and adequate remedy at law in the state courts. If the State Board is right in its contention, the plaintiff must be relegated to its administrative remedy.

■ Subsection (b) of section 9 of the State Act, as amended, 43 P.S. § 211.9(b) provides that "Any person aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought, or by an order certifying a collective bargaining agent of employes, may obtain a review of such order in the court of common pleas." It further provides that "The jurisdiction of the court of common pleas shall be exclusive, and its judgment and decree shall be final, except that the same shall be subject to review by the Supreme Court [of Pennsylvania] on appeal" by the board or any party aggrieved. But subsection (c) of the same section provides that the commencement of proceedings under subsection (b) "*shall not*, unless specifically ordered by the court, *operate as a stay of the board's order.*" (Emphasis supplied.) This subsection has not been condemned as being unconstitutional by the courts of Pennsylvania. Therefore this court cannot say that the plaintiff has, by virtue of the State Act, a complete and adequate remedy at law in the state courts. According to the express language of the statute, the Union could not obtain a review to determine whether the State Board had jurisdiction over the dispute until an order of certification had been made. If the State Board is without jurisdiction it would have no authority to conduct an investigation, hold an election or make an order certifying a collective bargaining agent. If the Union had waited until an order of certification was made by the

---

4 Subdivision (c) reads as follows: "Whenever a question arises concerning the representation of employes the board may, and, upon request of a labor organization, or an employer, who has not committed an act herein defined as unfair labor practice, or any group of employes in an appropriate unit representing by petition thirty per centum or more of the employes of that unit, shall investigate such controversy and certify to the parties, in writing, the name or names of the representatives who have been designated or selected. In any such investigation, the board shall provide for an appropriate hearing upon due notice, either in conjunction with a proceeding under section eight, or otherwise, and may utilize any suitable method to ascertain such representatives, except that if either party to the controversy so requests, a secret ballot of employes shall be taken within twenty days after such request is filed. Any certification of representatives by the board shall be binding for a period of one year, or for a longer period if the contract so provides, even though the unit may have changed its labor organization membership."

State Board and had taken proceedings under section 9(b) of the State Act to have the question of the State Board's jurisdiction reviewed, such proceedings, according to section 9(c), would not have operated as a stay of the order. The fact that the state court might have specifically ordered the State Board's order to be stayed would not make the legal remedy adequate. Pacific Telephone & Telegraph Co. v. Kuykendall, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975; Mountain States Power Co. v. Public Service Commission of Montana et al., 299 U.S. 167, 170, 57 S.Ct. 168, 81 L.Ed. 99. Compare the Pennsylvania statute cited in the foot note to Driscoll et al. v. Edison Light & Power Co., 307 U.S. 104, page 109, 59 S.Ct. 715, 83 L.Ed. 1134. Nor could the Union obtain an injunction in the state courts to restrain the defendants from proceeding any further in the matter. It is apparent that it is a case "involving or growing out of a labor dispute." The Pennsylvania Labor Anti-Injunction Act[5] would prohibit the state courts from complying with a request for an injunction in such a case. Cf. Western Pennsylvania Hospital et al. v. Lichliter, et al., 340 Pa. 382, 17 A. 2d 206, 132 A.L.R. 1146.

Since the Union does not have an adequate remedy at law in the state courts, we must determine whether the State Board had jurisdiction over the dispute. It appears to be well settled that "whenever a question affecting (interstate[6]) commerce arises concerning the representation of employees" the National Board, when its jurisdiction is invoked, has the authority to investigate such controversy and to certify the bargaining agent. There need not be an actual dispute[7]; the possibility that a dispute will affect interstate commerce is sufficient to give the National Board jurisdiction. When the National Board has acted in the field permitted by the National Act, its authority is paramount to any other board. N.L.R.B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Consolidated Edison Company v. N. L.R.B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; N.L.R.B. v. Bradford Dyeing Association, 310 U.S. 318, 60 S.Ct. 918, 84 L.Ed. 1226. In the absence of the exercise of its authority by the National Board, even though there is a question affecting interstate commerce, a state board may assume jurisdiction to conduct hearings and investigations, and to certify a collective bargaining agent, provided the state act or the orders of the state board[8] do not impair the status of the employees or cause a deprivation of any collective bargaining rights protected or granted them by the National Act. The mere enactment of the National Act did not preclude state regulations in the same field[9]. Allen-Bradley Local No. 1111 v. Wisconsin Employment Relations Board, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154; Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 465, 65 S.Ct. 1384, 89 L.Ed. 1725. Where a

---

[5] Act of June 2, 1937, P.L. 1198, sections 1–18, as amended by the Act of June 9, 1939, P.L. 302, section 1, 43 P. S. §§ 206a–206r.

[6] S.Rep. No. 573, May 2, 1935, 74th Cong., 1st Sess.

[7] New York Handkerchief Manufacturing Co. v. N.L.R.B., 7 Cir., 114 F.2d 144, 148, certiorari denied 311 U.S. 704, 61 S. Ct. 170, 85 L.Ed. 457.

[8] In Alleghany Ludlum Steel Corp. v. Kelley et al., 184 Misc. 47, 49 N.Y.S.2d 762, the court held that the adoption by the National Board of a definite policy of refusing to recognize foremen unions or groups as appropriate bargaining units did not prevent the New York State Labor Relations Board from certifying a Union as the collective bargaining agent for the foremen of the Alleghany Ludlum Steel Corporation's plant at Dunkirk, New York. This holding was affirmed by the Court of Appeals of New York in 295 N.Y. 607, 64 N.E.2d 352. However, appeals have been taken from this case and a companion case, New York State L. R. B. v. Bethlehem Steel Co., et al., 295 N.Y. 601, 64 N.E.2d 350, to the Supreme Court of the United States, 330 U.S. 767, 67 S.Ct. 1026.

[9] Prior to the amending of section 3(c) of the Penna. Labor Relations Act, 43 P. S. § 211.3(c), on May 27, 1943, the State Board was prohibited from acting in a labor dispute when the employer was engaged in a business which affected interstate commerce. In re Abbotts Dairies, Inc., 341 Pa. 145, 19 A.2d 128; The Scope of Unfair Labor Practices Under the National Labor Relations Act and the Pennsylvania Labor Relations Act, 47 Dickinson Law Rev. 225 (1942–43).

state board has acted in the field subject to the provisions of the National Act, and subsequently the National Board assumes jurisdiction over the same dispute, the State Board's jurisdiction is ousted. N.L.R.B. v. Algoma Net Co., 7 Cir., 124 F. 2d 730, certiorari denied 316 U.S. 706, 62 S.Ct. 1311, 86 L.Ed. 1773; N.L.R.B. v. Eclipse Moulded Products Co., 7 Cir., 126 F.2d 576. The Pennsylvania Act does not give the State Board a mandate to act otherwise.[10]

In the case before us the State Board purported to assume jurisdiction over a labor dispute after the National Board had certified the Union as the exclusive bargaining agent. If the Company was engaged in a business which is not or does not affect interstate commerce, there can be no doubt that the State Board had properly assumed jurisdiction over the dispute. However, if the Company is engaged in a business which was in or affected interstate commerce, it would seem that the only logical basis for the conclusion that the State Board had properly assumed jurisdiction is that the National Board is deemed to have relinquished or lost its exclusive jurisdiction over the dispute. For the purpose of the immediate discussion we shall assume that the dispute in question affected interstate commerce.

■ The National Act is silent as to how long a certification by the National Board shall be good. However, it has been held that a certification shall be good for a reasonable length of time. Franks Bros. Co. v. N.L.R.B., 321 U.S. 702, 704, 64 S.Ct. 817, 88 L.Ed. 1020; N.L.R.B. v. Whittier Mills Co., et al., 5 Cir., 111 F.2d 474, 478; Great Southern Trucking Co. v. N.L. R.B., 4 Cir., 139 F.2d 984; N.L.R.B. v. Applachian Electric Power Co., 4 Cir., 140 F.2d 217, 221.

■ If any group of employees or union is of the belief that it, and not the present certified bargaining agent, represents the majority of the unit, its remedy is to petition the National Board. N.L.R.B. v. Remington Rand Inc., 2 Cir., 94 F.2d 862, 869; Hamilton-Brown Shoe Co. v. N.

L.R.B., 8 Cir., 104 F.2d 49, 55; N.L.R.B. v. Highland Park Mfg. Co., 4 Cir., 110 F.2d 632, 640.

■ The defendants seem to infer that after a reasonable length of time has elapsed or when the time is ripe for challenging the present certified bargaining agent's majority representation, the challenging party may, at its election, invoke the jurisdiction of either the National or the State Board. With this proposition we are not in accord. The continuance of the exclusive jurisdiction of the National Board, after it has been invoked, is not dependent upon the length of time that a certification of a bargaining agent shall be good; it may last for a longer period of time. In our opinion, any other rule would not be conducive to the carrying out of the broad definite policies of the National Board.

■ In this case approximately twenty-two months had elapsed between the date that the Union had been certified by the National Board and the date the Committee filed its petition with the State Board. At the time the Committee filed its petition, a strike, which had been called against the Company by the Union, had been in progress for four months. It would seem to us that under these circumstances, the State Board, upon being informed that the National Board, had previously certified the Union, whose majority representation was being questioned, should have dismissed the Committee's petition. Of course we are not holding that once the National Board has made an order certifying a union, group or person as the exclusive bargaining agent of a particular unit of employees, a state board's jurisdiction may not thereafter be invoked over a dispute concerning the same unit of employees. All we are now holding is that under the circumstances of this case, the National Board's exclusive jurisdiction cannot be deemed to have been relinquished or lost.

Returning to the question whether the Company was engaged in a business which is not or does not affect interstate commerce. The pleadings are silent as to any

---

[10] See Petition of Equitable Gas Company, 92 Pittsb.Leg.J. 423, 51 Pa.Dist. & Co. R. 653, 659.

allegation or denial that the Company is in a business which is in or affects interstate commerce[11]; nor do they allege any facts describing the manner in which the Company's business is carried on from which we may conclude that the Company was or was not so engaged or that its business did or did not affect interstate commerce. However, the complaint alleged that the National Board had on May 5, 1944, certified the Union as the exclusive bargaining agent for the production employees of the Philadelphia plant of the Company. Is this court bound by the National Board's conclusion or may it arrive at an independent conclusion as to whether the industry in question affects commerce?

A review of the orders and proceedings of the National Board may not be had in the district court. Such a review, according to section 10(f) of the Act, may be had in the appropriate United States Circuit Court of Appeals. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638; Newport News Shipbuilding & Dry Dock Co. v. Schauffler et al., 303 U.S. 54, 55, 58 S.Ct. 466, 82 L. Ed. 646. However, only those orders or proceedings of the National Board concerning unfair labor practices are directly reviewable. The Act does not provide for the direct review of an order of certification made by the National Board under section 9(c). Such an order is reviewable only as an incident in the review of an order or proceeding of the National Board concerning unfair labor practices under section 10. A.F.L. v. N.L.R.B., 308 U.S. 401, 406, 60 S.Ct. 300, 84 L.Ed. 347; Pittsburgh Plate Glass Co. v. N.L.R.B., 313 U.S. 146, 151, 154, 61 S.Ct. 908, 85 L.Ed. 1251; Inland Empire Council v. Millis et al., 325 U.S. 697, 699, 65 S.Ct. 1316, 89 L.Ed. 1877; May Stores Co. v. N.L.R.B., 326 U.S. 376,

380, 66 S.Ct. 203, 90 L.Ed. 145. In the A. F. of L. case, the question was posed whether the district courts were completely precluded by the National Act from reviewing the proceedings of the National Board. The court, in expressly reserving its decision on this question, said at page 412 of 308 U.S., at page 305 of 60 S.Ct., 84 L.Ed. 347: "Its answer involves a determination whether the Wagner Act, in so far as it has given legally enforceable rights, has deprived the district courts of some portion of their original jurisdiction conferred by section 24 of the Judicial Code, 28 U.S.C.A. § 41. It can be appropriately answered only upon a showing in such a suit that unlawful action of the Board has inflicted an injury on the petitioners for which the law, apart from the review provisions of the Wagner Act, affords a remedy." In our opinion, the Supreme Court, in effect has left the door open for the district courts, when the proper situation arises, to review the order of the National Board. Although this is not a proceeding to review a certification order of the National Board, we believe that the proper situation has arisen in this case. However, despite this conclusion, it would seem not improper that some consideration be given to the National Board's order. The fact that the Board made a certification should be considered as a bundle of facts from which we may conclude that interstate commerce was or might be affected. Since there are no allegations of any facts describing the manner in which the Company's business was carried on from which we might conclude otherwise, we conclude that it was so affected and that the National Board has exclusive jurisdiction over the dispute at the time the Committee filed its petition with the State Board.

For the foregoing reasons the motion to dissolve the temporary injunction is denied.

---

[11] In Newport News Shipbuilding & Dry Dock Co. v. Schauffler et al., 303 U.S. 54, at page 57, 58 S.Ct. 466, 467, 82 L.Ed. 646, the court said: "The company insists that the case was heard on motion to dismiss the bill which alleges that the company is not engaged in interstate or foreign commerce and its relations to its employees do not affect such commerce, these allegations must be accepted as true. The motion admits as facts allegations describing the manner in which the business is carried on, but not legal conclusions from those facts. The allegations that interstate or foreign commerce is not involved are conclusions of law."