INTERNATIONAL ASS'N OF MACHIN-
ISTS v. SMILEY et al.

Civ. A. No. 8196.

District Court, E. D. Pennsylvania.
March 29, 1948.

Louis H. Wilderman and Samuel Polsky, both of Philadelphia, Pa., for plaintiff.

George L. Reed, Sol., Pennsylvania Labor Relations Board, of Harrisburg, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff, International Association of Machinists, seeks an injunction against the holding of an election by the Pennsylvania State Labor Board covering the employees of the Red Arrow Lines. Plaintiff alleged that it has a petition requesting Certification with the National Labor Relations Board covering the same group of employees, that it will suffer irreparable injury if the State Board proceeds with its election, and that it has no adequate remedy at law. The State Board moved to dismiss, alleging that the complaint fails to state a claim upon which relief can be granted, that process has not been properly served, that the jurisdictional amount is lacking, and that venue is improperly laid. Upon argument of the motion, it was conceded that under the decisions in this District suit against the defendant alone should be in the Middle District of Pennsylvania, 28 U.S.C.A. § 113. United Office and Professional Workers of America v. Smiley et al., D.C., 75 F.Supp. 695; See Food, Tobacco, Agricultural and Allied Workers Union of America, Local 186 et al. v. Smiley et al., D.C., 74 F.Supp. 823, 826; cf. International Molders Union of North America v. National Labor Relations Board, D.C., 26 F.Supp. 423. However, plaintiff argued that venue in this suit is correct nonetheless, relying upon the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., and the presence of intervening parties. It was agreed that before proceeding with the remaining objections contained in the motion to dismiss

or with the hearing on the application for an injunction, briefs would be filed on the venue point and it would be quickly disposed of.

■ Plaintiff's initial contention is that the Labor Management Act has altered the law respecting venue in suits by or against labor organizations and that the present suit falls within the statute's provisions. The Act provides, Section 301(c), that: "For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." Plaintiff argues that this section is a broad grant of venue which supersedes existing venue provisions. This is true, of course, but I feel that the Act does not affect the instant case. Section 301(c) specifically limits its relaxation of venue requirements to grant increased jurisdiction over a labor organization. It does not grant jurisdiction to the court over other parties who are inhabitants of another district and who do not waive their right to insist on proper venue. In other words, the venue requirements as to the State Labor Board are not affected by Section 301(c). If plaintiff union were defendant, Section 301(c) might bar any objections it might make as to venue, but that is another matter. It may well be that even in that situation, Section 301(c) would not apply because this is not a suit "for violation of contracts between an employer and a labor organization * * * or between * * * labor organizations" as defined in Section 301(a). In any event, I feel that the venue requirements of 28 U.S. C.A. § 113 are not affected in this case by the Labor Management Act.

■ Plaintiff also urges that the presence of intervening parties bars defendant's objections to venue. 28 U.S.C.A. § 113 provides that: "If there are two or more defendants, residing in different districts of the State, it (suit) may be brought in either district * * *." The Transport Workers Union of America, the Brotherhood of Railroad Shop Crafts of America, and the Philadelphia Suburban Transportation Company have filed a motion to intervene as parties defendant. Plaintiff contends that since these parties are inhabitants of the Eastern District of Pennsylvania, if they are parties defendant, suit in the Eastern District is proper under the section just quoted. However, it is unnecessary to deal with this argument. These parties are not entitled to intervention as a matter of right, and I have exercised my discretion under Federal Rules of Civil Procedure, Rule 24(b), 28 U.S.C.A. following section 723c, to deny the motion for intervention. Accordingly, therefore, an order will be entered dismissing this action for improper venue in accordance with this opinion.