Frederick GIORGI et al.

v.

PENNSYLVANIA LABOR RELATIONS BOARD.

Civ. A. No. 68-1715.

United States District Court
E. D. Pennsylvania.

Dec. 23, 1968.

Joseph E. DeSantis, McGavin, DeSantis & Koch, Frederick J. Giorgi, Speicher, Austin, Connor & Giorgi, Reading, Pa., for plaintiffs.

Lewis H. Trautz, Philadelphia, Pa., and James F. Wildeman, Harrisburg, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

This is an action for an injunction against the Pennsylvania Labor Relations Board on the ground that the Board's assertion of jurisdiction over the plaintiffs and their employees constitutes a denial of due process and equal protection under the Fourteenth Amendment. Plaintiffs are mushroom producers in Berks County. In March 1967, Local 1043 of the Retail, Wholesale and Department Store Union, AFL–CIO, petitioned the Pennsylvania Labor Relations Board for certification as the collective bargaining agent for plaintiffs' employees. Upon hearing of the matter, plaintiffs (employers) contested the jurisdiction of the Board on the ground that their employees were "agricultural laborers" envisioned under 43 P.S. § 211.3(d) and therefore excluded from regulation by the Board. The Board rejected this contention and ordered that an election be held.

Plaintiffs then appealed the jurisdictional finding of the Board to the Court of Common Pleas of Berks County. That Court declined to reach the merits because the election order of the Board was not a "final order" and therefore was not appealable. See 43 P.S. § 211.9(b). This holding was affirmed on appeal by the Pennsylvania Supreme Court.

Plaintiffs have now petitioned this Court for an injunction staying further action of the Board. They assert that the Board's conclusion that mushroom producers are not "agricultural laborers" is manifestly contrary to the law of Pennsylvania and that therefore the Board's assertion of jurisdiction is arbitrary and capricious, and denies plaintiffs of due process and equal protection guaranteed by the Fourteenth Amendment.

There are apparently no reported decisions of the Pennsylvania courts interpreting the meaning of "agricultural laborer" under § 211.3(d). However, plaintiffs have cited to us an opinion of the Attorney General of Pennsylvania that women engaged in mushroom growing are employed in an "agricultural field occupation" so as to come within a similar exemption provision, 43 P.S. § 103(b). That opinion in turn cites as its authority an opinion of the Pennsylvania Supreme Court holding that production of a synthetic compost, which was used instead of horse manure as an essential ingredient in growing mushrooms, came within "farming in all its branches" of a zoning ordinance there in question. Gaspari v. Muhlenberg Township Board of Adjustment, 392 Pa. 7, 139 A.2d 544 (1958). It also cites a case from another state holding that the term "agricultural labor" is "the science and art of production of plants and animals useful to man", Murphy v. Mid-West Mushroom Co., 350 Mo. 658, 168 S.W.2d 75 (1943), and argues from this that mushrooms are "plants useful to man". Plaintiffs further cite the opinion of the Court of Common Pleas of Berks County in the instant case, in which that court stated that it "might well be persuaded" that the Board had no jurisdiction.

Plaintiffs argue that the federal court can now take action without further exhaustion of state administrative or judicial remedies because those remedies are not "complete and adequate" in this instance. Pursuant to 43 P.S. § 211.9(b), they must await a "final order" before obtaining judicial review of the Board's conclusions. In the instant case this means that they must await the results of an election and a certification order. The Pennsylvania Supreme Court has already held that the order to hold an election is not a final one and therefore is not appealable. Even after receiving a final order and commencing proceedings pursuant to § 211.9(b), it is a matter of discretion with the reviewing court whether to stay the action of the Board pending review. § 211.9(c). It has been held under similar circumstances that one subject to an assertion of jurisdiction by the Board does not have complete and adequate relief available under

the State Labor Relations Act, and therefore he may have access to a federal court without waiting for further exhaustion of state remedies. Food, Tobacco, Agricultural and Allied Workers Union of America, Local 186 et al. v. Smiley et al., 74 F.Supp. 823 (D.C. 1946). See also, Amsley v. West Virginia Racing Commission, 378 F.2d 815 (4th Cir. 1967).

██ However, we do not agree that this is an appropriate instance for federal review. *Smiley*, supra, was a case where the district court enjoined the State Board in a case where the National Labor Relations Board, having exclusive jurisdiction under Federal statute, had previously certified a union for the same employer. Here the State Board is asserting jurisdiction in an area apparently beyond the jurisdiction of the National Labor Relations Board. As a matter of discretion, federal courts often refuse to exercise their equity powers to interfere with the enforcement of state administrative action, especially where local questions are involved and where non-interference is important to effective working of a regulatory system established by the state. Davis, Administrative Law Treatise, § 23.15–18; Burford v. Sun Oil Co., 319 U.S. 315, 63 S. Ct. 1098, 87 L.Ed. 1424 (1943); Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951). As was stated by the Supreme Court in *Southern Railway*, supra, at 341 U.S. 350, 71 S.Ct. at 768, "Considering that '[f]ew public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies,' the usual rule of comity must govern the exercise of equitable jurisdiction by the District Court in this case." Plaintiffs may obtain review of constitutional contentions at a later stage, but to consider or act upon such claims at this stage would be premature and would thwart effective enforcement of state laws.

██ Moreover, in any event, we do not think that the requirement that plaintiff await a final order to contest the Board's assertion of jurisdiction constitutes a denial of due process or equal protection. Nor do we think that the Board's assertion of jurisdiction over the plaintiffs under the present unresolved state of Pennsylvania law on the meaning of "agricultural laborer" is so arbitrary as to amount to a denial of due process or equal protection. There are no reported Pennsylvania decisions interpreting the meaning of agricultural laborer under § 211.3(d). All that plaintiffs cite is an opinion of the Attorney General, which can be accorded only some weight, interpreting a somewhat different term in a different statutory scheme. The other authority cited to us is something less than compelling. Many persons who find themselves at the fringes of statutory coverage are compelled to incur the expense of litigation to determine whether they are subject to statutory coverage or not. This is certainly not in itself a denial of due process, and the action of the State Board is not so manifestly contrary to the law of Pennsylvania to raise questions under the Fourteenth Amendment.

Finally, there was a temporary restraining order issued in this case which was continued by agreement of the parties. The application for a preliminary injunction was abandoned. The matter was heard on December 2, 1968, directed to the legal issues involved. Counsel agreed to submit the matter on the record and had no testimony to offer. In other words, our order which follows was to be the final determination of the case.

## ORDER

And now, this 23rd day of December, 1968, it is ordered that the plaintiffs' application for injunctive relief directed to the restraining order, the application for a temporary injunction, and the application for a permanent injunction are all denied.