NEWPORT NEWS SHIPBUILDING & DRY DOCK
CO. *v.* SCHAUFFLER ET AL.

No. 305.   Argued January 5, 1938.—Decided January 31, 1938.

*Messrs. H. H. Rumble* and *Fred H. Skinner* for petitioner.

*Mr. Robert B. Watts,* with whom *Solicitor General Reed,* and *Messrs. Robert L. Stern, A. H. Feller,* and *Charles Fahy* were on the brief, for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Newport News Shipbuilding and Dry Dock Company is a Virginia corporation engaged in the construction, overhaul and repair of ships at its plant in that State. In June, 1937, the Industrial Union of Marine and Shipbuilding Workers of America filed with the National Labor Relations Board the charge that the Company was "dominating and interfering with the employees' right of self organization by dominating, interfering with and lending financial support to a so-called labor organization" at said plant known as "Representation of Employees"; that the Company had discharged and refused to reinstate several employees at the plant "because they joined and assisted a labor organization of their own choosing and engaged in concerted activities with fellow employees for collective bargaining and other mutual aid and protection"; and that by so doing the Company was engaged in unfair labor practices within the meaning of § 8, subsections (1), (2) and (3) of the National Labor Relations Act. Thereupon, the Board, through its Regional Director for the 5th Region, Bennett F. Schauffler, filed a complaint against the Company and gave notice of a hearing pursuant to § 10 (b) of the Act.

The Company did not answer the complaint. Before the date assigned for the hearing, it brought, in the federal court for eastern Virginia, this suit, in which it sought to enjoin Schauffler, Jacob Blum, the Regional Attorney for the 5th Region, both citizens of Maryland, and the Trial Examiner designated or to be designated, from holding the hearing and taking further proceedings un-

der the Act. There were prayers for both an interlocutory and a final injunction and for a declaratory judgment that the Act as applied to the Company's business and its relations to its employees is unconstitutional. As the basis for this relief it alleged facts similar to those set forth in the bill of the Bethlehem Shipbuilding Corporation, Ltd., in No. 181, *ante,* p. 41. It alleged, specifically, that neither the Company's business nor its relations with its employees affected interstate or foreign commerce; that it had not engaged in any unfair labor practice; and that it would be irreparably damaged by the holding of the hearing of the Board and the taking of any action in connection therewith. Among the elements of irreparable injury alleged were that the Company would be held up to scorn as a violator of a law of the United States and so would incur for as long as the proceedings lasted the odium and ill will of the public and of its own employees; that its officials would be compelled to produce evidence of a confidential nature; and that the pendency and holding of the Board's proceedings, regardless of their outcome, would impede the Company in exercising its right to bargain freely with its employees.

The case was heard by the District Court upon the plaintiff's application for a temporary injunction and the defendants' motion that the bill be dismissed on the ground, among others, that the Company had failed to exhaust its administrative remedies and that granting the relief prayed would be an usurpation of the authority exclusively vested by the Act in the Court of Appeals. The court denied the temporary injunction and dismissed the bill on the ground that the Company had "a plain, adequate and exclusive remedy under the terms of the Act itself, that no irreparable damage is threatened, and that this [the District] Court has no jurisdiction of the controversy presented by the bill." That decree was af-

firmed by the Court of Appeals for the Fourth Circuit, which held that the Company "has an adequate remedy under the statute and may not apply for relief in equity until it has exhausted the administrative remedy there provided." 91 F. (2d) 730.

We granted certiorari because of conflict with *Bethlehem Shipbuilding Corp.* v. *Myers*, 89 F. (2d) 1000, in which the facts are substantially similar and the issues the same. That case is reversed by our opinion delivered this day in No. 181. For the reasons there stated, we affirm the decree herein, adding only the following.

*First.* The Company insists that since the case was heard on motion to dismiss the bill which alleges that the Company is not engaged in interstate or foreign commerce and its relations to its employees do not affect such commerce, these allegations must be accepted as true. The motion admits as facts allegations describing the manner in which the business is carried on, but not legal conclusions from those facts. The allegations that interstate or foreign commerce is not involved are conclusions of law.[1]

*Second.* The Company urges that, since the Board can have jurisdiction only over businesses engaged in interstate or foreign commerce, since the Company denies that it is so engaged, and the Federal Constitution does not permit vesting in an administrative body exclusive power to determine its own jurisdiction, the District Court must have power to pass upon that issue. The Act does not purport to leave the determination wholly to the Board. It confers upon the Board exclusive initial power to make the investigation, but provides for judicial review by the

[1] Compare *Pennie* v. *Reis*, 132 U. S. 464, 469–470; *Pierce Oil Corp.* v. *Hope*, 248 U. S. 498, 500; *Nortz* v. *United States*, 294 U. S. 317, 324–325; *Pacific States Box & Basket Co.* v. *White*, 296 U. S. 176, 184–185.

Circuit Court of Appeals.[2] As the only question here involved is the power of the Board to make the investigation, we have no occasion to consider the extent of the review provided.

It is suggested that while the Board has the right and duty to make, under § 5 of the Act, a preliminary informal inquiry before public action, for the purpose of informing itself whether a particular concern is subject to its authority, the District Court may entertain a suit to prevent the Board from conducting a public investigation under § 10 if the concern claims that it is not engaged in interstate or foreign commerce. The limitation suggested would, in large measure, defeat the purpose of the legislation. There is no basis in the Act for such a contention.

*Third.* The Circuit Court of Appeals having refused to grant an injunction staying the action by the Board pending the contemplated appeal, application for a stay was made to Mr. Justice Butler of this Court, after filing of the petition for a writ of certiorari. It has been called to our attention that, upon his denial of that application, the hearing was held before the trial examiner of the Board from August 30 to September 8, 1937, and has apparently been closed. To the extent that relief was sought to prevent the injury resulting from a hearing, the cause appears to be moot. But the cause cannot be disposed of as moot, as the trial examiner has not yet made his report to the Board; the Board has made no decision; and thus there is a possibility of further proceedings.

*Decree affirmed.*

Mr. Justice Cardozo took no part in the consideration or decision of this case.

---

[2] § 10 (a), (e), (f). See *National Labor Relations Board* v. *Jones & Laughlin Steel Co.,* 301 U. S. 1, 47; *Myers* v. *Bethlehem Shipbuilding Corp., ante,* p. 41.