### THE LJUBICA MATKOVIC.

District Court, S. D. New York.

Feb. 25, 1943.

William L. Standard, of New York City (Louis H. Rubinstein, of New York City, of counsel), for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (Ray Rood Allen, of New York City, and George F. Tinker, of New York City, of counsel), for S. S. Ljubica Matkovic and Constantin Fotitch, Minister of Yugoslavia.

CAFFEY, District Judge.

I should like to discuss fully the interesting questions raised in this case. Time to do so, however, is lacking. I shall, therefore, confine myself to the minimum of what I deem it necessary to cover in reaching a conclusion.

Prior to December, 1940, the libelant was chief mate of the vessel Ljubica Matkovic. The vessel was then owned by a corporation of Yugoslavia. In January, 1942, the libelant commenced the present suit, in which he seeks recovery of $5,000 alleged to be owing for his services while chief mate, and in the suit caused the arrest of the vessel.

When he was employed on the ship the libelant was a citizen and resident of Yugoslavia. By an order of Judge Clancy dated April 24, 1942, and served that day on the libelant's proctor, the Minister of that country accredited to the United States was permitted to intervene. The purpose of the Minister intervening, as shown by his petition (paragraphs 10-13; prayers 2 and 3), was, in behalf of his government, to contest this court's jurisdiction.

The present motion asks for two things: First, an order striking out the petition of the Minister, and, second, an order awarding the libelant $5,000 (the amount he sues

938

for), with costs and disbursements of this action.

Unless the former relief be obtained, the latter cannot be granted. Accordingly, I shall begin with the first kind of relief sought. If it cannot be granted, it would be useless to pursue an inquiry about the second.

The libelant assigns, and urges, four grounds in support of his position. These are as follows: (1) The order admitting the intervenor as a party was made ex parte. (2) Because of failure to answer the libel, the intervenor is in default. (3) It has not been shown that at or prior to the time the suit was begun the intervenor's government was, or ever has been, in actual possession of the vessel. (4) A deposition already taken by the intervenor establishes that he cannot succeed in the suit.

■ I. At the time of the events mentioned our Department of State recognized, and it still recognizes, the intervenor as the Minister of Yugoslavia. In consequence, the Department of State not having presented his claim to the court, he was entitled to appear in court and to act for his government in the court proceedings. Compania Espanola, etc., v. The Navemar, 303 U.S. 68, 74, 76, 58 S.Ct. 432, 82 L.Ed. 667.

As previously stated, in 1942 the intervenor filed a petition alleging that his government owns the vessel involved and claiming its immunity from suit in a court of the United States and Judge Clancy made an order allowing him to intervene.

So far as I can discover, preceding Judge Clancy's order no notice of application for it was served on the libelant's proctor. The first inquiry arising, therefore, is whether the failure to give notice renders the order void.

Rule 24(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires that "A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby." Admiralty rule 34, 28 U.S.C.A. following section 723, deals with how a third party may intervene. Assuming that it applies to a cause like that here, it will be noted that the latter rule does not, in terms, require notice to be served in advance of an application to intervene. It may be that the contrast, with respect to notice, between rule 24(c) and rule 34 is significant. It

may be that omission from rule 34 of the requirement of notice was with the intention of dispensing with it. However, without undertaking to solve that problem, I shall assume that under rule 34 notice to the libelant should have been given before the matter was passed on by Judge Clancy.

So also, it seems to me quite arguable that by such a long delay as occurred in making the present motion (from April 24, 1942, when his proctor was served with copy of Judge Clancy's order, to January 11, 1943, when notice of the instant motion was served), coupled with participation during the interim in the proceedings and, without objection to its being filed, serving an answer to the intervening petition, the libelant may have waived the objection to lack of notice. Cf. Read v. Owen, Martin, et al., 9 Port., Ala., 180, 183, 184. Nevertheless, I shall not press the point. I prefer to rest my holding on an entirely different foundation.

In the Navemar case, 303 U.S. 68, 74, 58 S.Ct. 432, 435, 82 L.Ed. 667, the executive branch of the government of the United States made no suggestion to the court, but a foreign government, through its Ambassador, asserted ownership of the vessel involved and denied that a court of the United States had jurisdiction. It was held that such foreign government was "entitled as of right, upon a proper showing, to appear in a pending suit, there to assert its claim to the vessel, and to raise the jurisdictional question in its own name or that of its accredited and recognized representative." Upon the petition laid before Judge Clancy, preceding his signing the intervention order, it seems to me clear (as matter of pleading) that the petition was correct in form and contents to bring the application within what the Supreme Court has declared is a right possessed by a foreign government, such as Yugoslavia, with which the United States was in friendly relations.

In The Alexandra, D.C.,D.S.C., 104 F. 904, 906, 907, the libelant finds some support for its view that it is improper to file an intervention without notice to the other side; but the holding is not squarely or unambiguously applicable to the facts here. A pertinent difference which the court specifically mentions (page 906 of 104 F.) is that no copy of the intervention "was served upon the proctors for libelants," whereas in the case at bar a copy of the

petition for intervention was served on the libelant's proctor the very day it was submitted to Judge Clancy and he made his order. Another apparent difference, probably of some weight, is that in the Alexandra case no order was obtained approving the filing of the petition, whereas in the present case such an order was made.

No other case relating to the notice aspect of the controversy has been drawn to my attention nor has my research revealed one which deals at all with the point.

█ If, however, I be correct in what has just been said about the Navemar case, then it seems to me clear that even though, because of lack of notice, there was irregularity in the proceedings before Judge Clancy, and if for that reason the petition were now stricken from the files, yet it also seems to me equally plain that, upon fresh application to me on notice, it would be my duty thereupon to make an order identical in purport with the order of Judge Clancy. In other words, as I view the matter, the libelant has suffered no injury from the order of Judge Clancy having been made without previous notice to him. Cf. Texas Co. v. Hogarth Shipping Co., 256 U.S. 619, 629, 41 S.Ct. 612, 65 L.Ed 1123.

II. The contention that the intervenor is in default grows out of a decision by Judge Bondy rendered March 23, 1942. The intervenor sought an extension of time in which to answer the libel. In the memorandum granting the motion it was provided that the claimant (intervenor) "have twenty days from the date of the entry of an order hereon within which to answer except or otherwise move."

█ No order has yet been entered on the decision nor has either side ever proposed an order accordingly. In consequence, the intervenor still has twenty days in which to answer the libel after the order is entered. Obviously, therefore, no default by the intervenor has occurred.

If the libelant wish to set the time running for service of an answer, the means for doing so is plain. He has only himself to propose, and procure settlement of, an order in conformity with Judge Bondy's ruling.

█ III. In the Navemar case, 303 U.S. 68, 75, 76, 58 S.Ct. 432, 435, 82 L.Ed. 667, it was held that, in order for a foreign government to sustain a claim of immunity of its vessel from jurisdiction in a court of the United States, it may rely on either of two alternative grounds. One of these is "actual possession by some act of physical dominion or control in behalf of the" foreign government. The other is "at least some recognition on the part of the ship's officers that they were controlling the vessel and crew in behalf of their government." It may be assumed (though I do not now determine) that to date the intervenor has not produced sufficient proof to bring his case within the first alternative. As I read the deposition of the master of the vessel (copy of which is annexed to the affidavit of libelant verified October 16, 1942, pp. 2, 3, 5 and 6), however, what the captain said orally and (as set out in the affidavit of intervenor's proctor verified February 9, 1943, p. 6, and in Exhibits E and H to the intervening petition) a group of writings are each capable of being interpreted to mean that there was the precise kind of attornment by the officers of the vessel to the government of Yugoslavia as the Supreme Court had in mind in the sentence last quoted from the opinion in the Navemar case. Cf. Fields v. Predionica i Tkanica A.D., 265 App.Div. 132, 135–142, 37 N.Y.S.2d 874.

█ IV. On the other hand, if I be mistaken in my interpretation (in the light of the documents) of the testimony of the master and it have the meaning attributed to it by the libelant, yet be it observed that this is only what one witness has said. It is possible that testimony on the same subject may be given hereafter by other witnesses and this may satisfactorily prove that my interpretation of the evidence coming from the master (as above set out) is correct. In a law-suit a party is not entitled to move for a dismissal or for judgment in his favor every time his opponent adduces from one witness statements which are unfavorable or even statements that would sustain the cause of action sued on. Non constat, the master's deposition may never be offered or, if offered, may never be admitted in evidence.

█ V. If the government of Yugoslavia got possession of the vessel, I do not think it was lost by subsequent happenings. In essence, the facts are that she was employed in war service. It is not necessary to go into details, as what occurred is clear. In legal significance the uses made of the vessel were what the opinion in the Fields case, supra, described at great length and her arrest did not change

her status. Navemar case, supra, at page 75 of 303 U.S., 58 S.Ct. 432, 82 L.Ed. 667.

VI. Questions about the law of Yugoslavia, particularly relating to the power of its government to requisition ships in time of war, have been mentioned. Cf. Fields v. Predionica i Tkanica A.D., 265 App.Div. 132, 135–142, 37 N.Y.S.2d 874. Nevertheless, this court has not been put in position competently to pass on all of them. Moreover, if it become necessary to pass on them, that can better be done at a plenary trial than on a motion. At the present stage, it is enough to add: The evidence convinces me that, by the procedure followed, it was the intention of the government of Yugoslavia to requisition a vessel owned by one of its nationals. It would be inapposite, on a motion, to scrutinize the details of such a transaction with the view to ascertaining, if it ever become necessary to ascertain, whether the sovereign has complied with the procedural details which it has prescribed for its own conduct in the exercise of an indubitable power.

I am informed by the Calendar Commissioner that the condition of the admiralty calendar is such that, when this case is at issue, unless some great change occur in the meantime, a quick trial can almost certainly be obtained. I see no occasion, therefore, for present appointment of a referee to take testimony, as contingently suggested by one of the proctors.

Motion denied. Settle order on two days' notice.