**STATE OF FLORIDA ex rel. WATSON, Atty. Gen., v. BELLMAN et al.**

No. 11333.

Circuit Court of Appeals, Fifth Circuit.

June 26, 1945.

J. Tom Watson, Atty. Gen., for the State of Florida, Cecil T. Farrington and Fred M. Burns, Asst. Attys. Gen., for the State of Florida, for appellant.

Alvin J. Rockwell, Gen. Counsel, National Labor Relations Board, and Malcolm F. Halliday and Guy Farmer, Associate Gen. Counsels, National Labor Relations Board, all of Washington, D. C., for appellees.

Before HOLMES, McCORD, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

■ The motion to dismiss this appeal as moot was submitted when the case was heard by us at the argument thereof on the merits. It should be overruled upon the authority of Newport News Co. v. Schauffler, 303 U.S. 54, 58, 58 S.Ct. 466, 468, 82 L.Ed. 646, wherein the court said: "To the extent that relief was sought to prevent the injury resulting from a hearing, the cause appears to be moot. But the cause cannot be disposed of as moot, as the trial examiner has not yet made his report to the Board; the Board has made no decision; and thus there is a possibility of further proceedings."

This is an action seeking to enjoin the defendants from proceeding as agents of the National Labor Relations Board with a hearing in a representation proceeding, which the Board is conducting under Section 9(c) of the National Labor Relations Act.[1] It was filed in a state court of Florida, removed to the federal court as a suit arising under a federal law regulating commerce, and there dismissed on the ground that neither the state nor federal court had jurisdiction over the subject matter of the suit.

■ The removal of the cause was proper because it appeared from the plaintiff's pleading that the action arose under a law regulating commerce within the meaning of Section 24(8) of the Judicial Code,[2] and was entitled to be removed under the provisions of Section 28 of the Judicial Code.[3]

■ The gravamen of the complaint is that the employees involved in the proceeding are deputy sheriffs of Hillsborough County, Florida, and that the defendants were precluded by Section 2(2) of the Act (which excludes employees of a state or political subdivision thereof) from proceeding with the hearing. We think the suit was premature in that appellant, without exhausting its administrative remedy, sought to enjoin representatives of the Board from conducting a hearing in an un- completed administrative proceeding. The courts have repeatedly refused to enjoin intermediate proceedings before the Board, including the conduct of hearings in both representation and unfair-labor-practice cases.[4] A sovereign state, when it voluntarily appears in court as a suitor, is no exception to the general rule.

The motion to dismiss this appeal is overruled, and the judgment appealed from is affirmed.

---

[1] 49 Stat. 449, 29 U.S.C.A. § 151 et seq.

[2] 28 U.S.C.A. § 41(8).

[3] 28 U.S.C.A. § 71; Peyton v. Railway Express Agency, Inc., 316 U.S. 350, 353, 62 S.Ct. 1171, 86 L.Ed. 1525.

[4] Myers v. Bethlehem Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Newport News v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646; Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F.2d 97.