### Application of COMPTON.
### Civ. A. No. 2276.

United States District Court
N. D. Texas, Fort Worth Division.
Dec. 28, 1951.

**ATWELL, Chief Judge.**

An investigation and inquiry is being sought, and has been partially conducted, by the Office of Price Stabilization investigators to obtain information concerning the following by the Rosenthal Packing Company, Inc. or Fort Worth, Texas, of the stabilizing price regulations.

It is alleged that some persons have failed and refused to comply with subpoenas duces tecum, and that the Packing Company's agents and employees wish to have their attorney present at the taking of testimony and the making of investigation.

The Office of Price Stabilization has applied for an order enforcing compliance with such administrative desires.

The provisions of Sec. 705(a) of the Defense Production Act of 1950, provides that "The President shall be entitled, while this Act is in effect and for a period of two years thereafter, by regulation, subpena, or otherwise, to obtain such information from, require such reports and the keeping of such records by, make such inspection of the books, records, and other writings, premises or property of, and take the sworn testimony of, and administer oaths and affirmations to, any person as may be necessary or appropriate, in his discretion, to the enforcement or the administration of this Act and the regulations or orders issued thereunder. The President shall issue regulations insuring that the authority of this subsection will be utilized only after the scope and purpose of the investigation, inspection, or inquiry to be made have been defined by competent authority, and it is assured that no adequate and authoritative data are available from any Federal or other responsible agency. In case of Contumacy by, or refusal to obey a subpena served upon, any person referred to in this subsection, the district court of the United States for any district in which such person is found or resides or transacts business, upon application by the President, shall have jurisdiction to issue an order requiring such person to appear and give testimony or to appear and produce documents, or both; and any failure to obey such order of the court may be punished by such court as a

Marcus Ginsburg and Atwood McDonald, Fort Worth, Tex., for Rosenthal Packing Co.

Frank B. Potter, U.S. Atty., James E. Whitmore, James M. Williamson, Sp. Asst. U.S. Attys., all of Fort Worth, Tex., for Office of Price Stabilization.

contempt thereof." Title 50, War and National Defense, U.S.C.A.Appendix, § 2155.

The way is pretty clearly blazed, under such authority, by such cases as, United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401; Bowles v. Baer, 7 Cir., 142 F.2d 787; Penfield Co. v. Securities and Exchange Commission, 330 U.S. 585, 67 S.Ct. 918, 91 L.Ed. 1117; Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614.

■ It is earnestly asserted by the Packing Company that it is a great inconvenience. Neither inconvenience, expense, nor harassment, can defeat this right to make the investigation. Bowles v. Abendroth, 9 Cir., 151 F.2d 407.

■ Such investigations are not controlled by Federal Rules of Civil Procedure, 28 U.S.C.A., and the Price Administrator has power to issue a subpoena which courts must enforce. Bowles v. Bay of New York Coal & Supply Corp., 2 Cir., 152 F.2d 330; Bowles v. Shawano, 7 Cir., 151 F.2d 749.

■ Such congressional authority to an administrative agency heretofore supported by judicial learning, though subject to careful scrutiny by the courts in order to surely preserve the rights of the American citizen, are not violative of the constitutional provisions. Oklahoma Press v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; McGarry v. Securities and Exchange Commission, 10 Cir., 147 F.2d 389.

■ Nor have the courts authority to enjoin such proceedings if they are duly authorized by the Congress. Perkins v. Endicott Johnson Co., 2 Cir., 128 F.2d 208; 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Myers v. Bethlehem Shipping Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646.

■ An order must be issued requiring the Rosenthal Packing Company, its officers and agents, to permit this investigation, at which time counsel for that company will not be present, and such records and written data as are covered by the subpoena must be furnished.