414 F.2d 259
 ARMCO STEEL CORPORATION and Armco Employees Independent Federation, Inc., Plaintiffs-Appellants,
v.
Arnold ORDMAN, General Counsel, National Labor Relations Board, and John C. Getreu, Regional Director of the Ninth Region of the National Labor Relations Board, Defendants-Appellees.
 No. 19439.
 United States Court of Appeals Sixth Circuit.
 August 4, 1969.
 
 William H. Willcox, Washington, D. C. (Jerome Powell, Robert M. Scott, Gall, Lane & Powell, Washington, D. C., on the brief), for appellants.
 James G. Headley, Frost & Jacobs, Cincinnati, Ohio, for Armco Steel Corp.
 Theodore Repper, Jr., Middletown, Ohio, for Armco Employees Independent Federation, Inc.
 Marcel Mallet-Prevost, N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, John I. Taylor, Attys., N. L. R. B., Washington, D. C., on the brief, for appellees.
 Before PHILLIPS, EDWARDS and PECK, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Armco appeals from denial of injunctive relief by the United States District Court for the Southern District of Ohio. Petitioner had sought to enjoin any further proceedings by the National Labor Relations Board in an unfair labor practice complaint against petitioner. The unfair labor practice complaint attacks the identical provision in petitioner's contract with the Armco Employees Independent Federation, Inc., which was attacked by the Board but was upheld by this court in Armco Steel Corp. v. NLRB, 344 F.2d 621 (6th Cir. 1965). The only factual difference pointed to in this record is that a new contract between the same parties has been signed which, however, incorporated the same disputed language.
 
 
 2
 The Board action, however, in setting this complaint for hearing came on the heels of a decision almost directly contrary to the Armco case cited above in NLRB v. Mid-State Metal Products, Inc., 403 F.2d 702 (5th Cir. 1968). Mid-State clearly establishes a split of opinion in the circuits on the disputed clause and the Board contends that it has the right (and duty) to seek to resolve it. The District Court found the Fifth Circuit decision an intervening occurrence which rendered the current NLRB complaint "arguable."
 
 
 3
 Generally, of course, the United States District Courts do not have jurisdiction to enjoin NLRB proceedings. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646 (1938); Mayer v. Ordman, 391 F.2d 889 (6th Cir.), cert. denied, 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261 (1968). Further, the limited exceptions to this rule are clearly not applicable to the instant case. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961).
 
 
 4
 It is this court's conclusion that, on the facts recited above, the NLRB has jurisdiction to hear and decide the instant unfair labor practice complaint subject to statutorily provided review procedures.[1]
 
 
 5
 The judgment of the District Court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 On expression of some concern on the part of this court about possible forum shopping in this case, the NLRB counsel forwarded a policy statement indicating that in the event it became necessary to file an application for enforcement, the application would be filed in this circuit, and that, "in the unique circumstances of this case," in the event a petition for review was filed by a party to the proceeding in another circuit, the NLRB would support the transfer of the case to this circuit