521 F.2d 596
 88 L.R.R.M. (BNA) 2071, 77 Lab.Cas. P 11,106
 McCLAIN INDUSTRIES, INC., Plaintiff-Appellee,
v.
NATIONAL LABOR RELATIONS BOARD, and Bernard Gottfried,
Regional Director of the National Labor Relations
Board, Seventh Region, Defendants-Appellants.
 No. 74-8225.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 19, 1974.
 
 Elliott Moore, Deputy Assoc. Gen. Counsel, N.L.R.B., Washington, D.C., for defendants-appellants.
 Clunet R. Lewis, Jaffe, Snider, Raitt, Garratt & Heurer, Detroit, Mich., for plaintiff-appellee.
 Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.
 
 ORDER
 
 1
 On receipt and consideration of a motion for summary reversal filed by the National Labor Relations Board; and
 
 
 2
 Considering same under Amended Rule 9 of the Rules of the United States Court of Appeals for the Sixth Circuit, which reads in part:Whenever a panel of this Court reviewing an appeal under procedures initiated under Rules 3, 8 or 9 concludes that clear error requires reversal or vacation of a judgment or order of the District Court or remand for additional proceedings in the District Court the panel may enter an appropriate order to accomplish this result.
 
 
 3
 And noting that plaintiff-appellee in this case has filed a suit seeking injunction against the National Labor Relations Board's prosecution of an unfair labor practice case until sometime after said Board responded to interrogatories requesting the names of complaining witnesses in said proceeding; and
 
 
 4
 Determining from the facts of this case that the United States District Court had no jurisdiction in the premises for the issuance of the injunction described above, Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Newport News Shipbuilding & Dry Dock Co. v. Schauffler, et al., 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646 (1938); Renegotiation Board v. Bannercraft Clothing Co., Inc., 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974); Sears, Roebuck & Co. v. NLRB, 433 F.2d 210 (6th Cir. 1970); and
 
 
 5
 Further believing that Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), relied upon by the District Court is clearly inapplicable to the current litigation, and that plaintiff's relief concerning the procedural issues it desires to present is plainly a petition for review to be filed in the appropriate United States Court of Appeals under 29 U.S.C. § 160(e)(f) (1970).
 
 
 6
 Now, therefore, said motion for summary reversal is hereby granted because this court concludes that clear error requires reversal and vacation of the judgment and order of the District Court herein complained of.