SCOTT CORPORATION and its wholly owned subsidiary Scott Plaza, Inc. d/b/a Union Plaza Hotel & Casino; E.G. & H., Inc. d/b/a Las Vegas Club; Golden Gate Hotel and Casino, a partnership, and Showboat Operating Company d/b/a Showboat Hotel, Casino and Bowling Center, Plaintiffs,

v.

NATIONAL LABOR RELATIONS BOARD; Donald L. Dotson, individually and acting in his official capacity as Chairman and member of the National Labor Relations Board; Mary J. Cracraft, Wilford W. Johansen, Marshall B. Babson, James M. Stephens, individually and acting in their respective capacities as members of the National Labor Relations Board; and Roger W. Goubeaux, individually and acting in his official capacity as Regional Director for Region 31 of the National Labor Relations Board, Defendants.

No. CV S–87–218 RDF.

United States District Court,
D. Nevada.

Oct. 26, 1987.

---

**3.** See *supra* note 2.

Smith, Goold & Kotchka by Gregory E. Smith, Las Vegas, Nev., Seyfarth, Shaw, Fairweather & Geraldson by Kenwood C. Youmans, Gregory N. Karasik, Kenneth D. Sulzer, Los Angeles, Cal., Wyman, Bautzer, Christensen, Kuchel & Silbert by Gary C. Moss, Los Angeles, Cal., for plaintiffs.

Margery E. Lieber, Deputy Asst. Gen. Counsel for Special Litigation, Diane Rosse, Corinna L. Metcalf, N.L.R.B., Washington, D.C., Byron B. Kohn, Regional Atty., NLRB—Region 31, Los Angeles, Cal., for defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR STAY OF ADMINISTRATIVE ACTION PENDING JUDICIAL REVIEW AND GRANTING DEFENDANTS' MOTION TO DISMISS

ROGER D. FOLEY, Senior District Judge.

### THE COURT'S OPINION

Plaintiffs allege that the National Labor Relations Board (the "NLRB") has exceeded the authority Congress granted it in the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* (the "Act"), and request that this court stay further administrative action pending judicial review of the NLRB's actions.[1] Plaintiffs admit that as a general rule district courts do not have jurisdiction to review such matters, but claim that this case falls within the narrow exception created by the United States Supreme Court in *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). This court disagrees. Defendant's Motion to Dismiss is granted.

1. Full relief requested of the court by plaintiffs includes:
   injunctive relief against further prosecutorial and adjudicatory action in the underlying administrative matter; dismissal of all complaints and charges in the underlying administrative matter; costs against the NLRB; and such further relief as the court deems just and proper. Plaintiffs' Complaint for Judicial Review of Administrative Action, p. 7.

## I. THE FACTS

Plaintiffs[2] are hotels and casinos (the "Hotels") located in what is commonly referred to as "downtown" Las Vegas, Nevada.[3] Each is an "employer" within the meaning of the Act and is therefore subject to the Act under section 152(2), (6) and (7). Defendant NLRB is an agency of the United States government pursuant to 29 U.S.C. § 153.[4]

Prior to 1984 the Hotels, along with most other hotels and casinos in the downtown area, were parties to a multi-employer agreement between the Nevada Resort Association (the "NRA") and the Local Joint Executive Board of Las Vegas, Culinary Workers Union Local 226 and Bartenders Local 165 (the "Union").[5] This multi-employer bargaining agreement covered bargaining units which included both "employees", as that term is defined in § 152(3) of the Act, and individuals defined as "supervisors" in § 152(11) of the Act. Until that time the Hotels had voluntarily executed collective bargaining agreements which included these "mixed" units.

Although prior to 1984 the Hotels had negotiated collectively with the Union, using the NRA as their agent, in 1984 each of the Hotels chose to negotiate with the Union individually, though each designated the NRA to represent them in their individual negotiations. Unfortunately, negotiations became protracted and a strike ensued. Eventually a tentative oral agreement was reached, but when the Union presented drafts of the written collective bargaining agreements to the Hotels a dispute again arose with respect to certain of the agreement's terms.[6] The written collective bargaining agreements were not executed.

On November 20, 1984, the Union filed an unfair labor practice charge[7] with Region 31 of the NLRB alleging that the Hotels' refusal to execute the written agreements constituted a violation of 29 U.S.C. § 158(a)(1) and (5).[8] The NLRB issued a complaint on February 24, 1986, as amended March 20, 1987, and a hearing before an administrative law judge was eventually scheduled for April 6, 1987.

On March 6, 1987, the Hotels filed with the NLRB a motion for summary judgment contending that the NLRB lacked statutory authority to use an unfair labor practice proceeding to compel the Hotels to bargain

---

**2.** Plaintiffs are:

Scott Corporation and its wholly owned subsidiary Scott Plaza, Inc., d/b/a Union Plaza Hotel & Casino; E.G. & H., Inc. d/b/a Las Vegas Club; Golden Gate Hotel and Casino, a partnership; and Showboat Operating Company d/b/a Showboat Hotel, Casino and Bowling Center.

**3.** Not all of the plaintiffs are "hotels." The term "Hotels" is used merely for convenience in referring to the plaintiffs collectively.

**4.** The court uses the shorthand "NLRB" to refer to all of the defendants. In addition to the National Labor Relations Board, the complaint names: Mary J. Cracraft, Wilford W. Johansen, Marshall B. Babson and James M. Stephens, individually and in their capacities as members of the NLRB; Donald L. Dotson, individually and as Chairman of the NLRB; and Roger W. Goubeaux, individually and in his capacity as Regional Director for Region 31 of the NLRB. Because this court finds that it is without jurisdiction, it does not address the issue of whether these parties could be individually liable.

**5.** A majority of the hotel/casinos located in the area commonly referred to as the "strip" were parties to a separate, though similar, multi-employer agreement with the Union. Plaintiffs'

Motion for Stay of Administrative Action Pending Judicial Review, p. 4.

**6.** Specifically the parties disputed whether, for certain employee classifications, the Hotels and the Union had agreed to wage rates identical to those paid by "strip" hotels. Plaintiffs' Motion for Stay of Administrative Action Pending Judicial Review, p. 4.

**7.** In addition to plaintiffs, two other hotels were named in the charge. However, these two hotels subsequently entered into separate settlement agreements with the union and the charge was withdrawn with respect to them.

**8.** *29 U.S.C. 158* provides:

(a) It shall be an unfair labor practice for an employer

(1) to interfere with, restrain, or coerce employees in the exercise of rights guaranteed in section 7; [ (29 U.S.C. 157) (right to organize and bargain) ]

. . . . .

(5) To refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 9(a). (*29 U.S.C. 159(a)*).

with a bargaining unit which included both "employees" and statutory "supervisors." On March 27, 1987, the NLRB denied the Hotels' motion for summary judgment indicating that the issue should be litigated before an administrative law judge.

On March 30, 1987 the Hotels filed, with this court, a motion for a Stay of Administrative Action Pending Judicial Review. The administrative hearing commenced as scheduled on April 6, 1987 and concluded April 16, 1987. However, the administrative law judge has not yet entered a final order. On June 3, 1987 the NLRB filed a motion to dismiss the Hotels' district court complaint on the grounds that this court lacks subject matter jurisdiction.

## II. THE LAW

In the Act, Congress has given the NLRB exclusive jurisdiction with respect to unfair labor practices affecting commerce. *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1936). The Act prescribes due process standards with which the NLRB must comply before issuing an order.[9] Also, any aggrieved party may appeal a final NLRB order to the Court of Appeals. 29 U.S.C. 160(f).

### A. The General Rule

In *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), the U.S. Supreme Court held that Congress' exclusive grant of jurisdiction to the NLRB pre-empted the district court's general grant of jurisdiction and precluded district court review of NLRB proceedings. In *Myers*, a union filed an unfair labor charge with the NLRB against an employer. The NLRB issued a complaint, gave notice and scheduled a hearing.

The employer filed suit in district court to enjoin the NLRB hearing contending that the NLRB was without jurisdiction and that having to participate would result in irreparable harm to the employer. Citing its exclusive jurisdiction, the NLRB moved to dismiss.

The Supreme Court explained that the Act's procedural provisions are adequate to assure judicial protection against arbitrary NLRB action and that all questions concerning the NLRB's jurisdiction, the regularity of its proceedings and all questions of constitutional right or statutory authority are to be determined initially by the NLRB and reviewed by the Court of Appeals. *Myers* at 49. In sum, *Myers* held that the NLRB's jurisdiction is exclusive and therefore district courts do not have jurisdiction to enjoin NLRB proceedings or review NLRB decisions. *See also, Newport News Shipbuilding & Dry Dock Company v. Schauffler*, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646 (1936).

### B. The Exception

In *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), a district court injunction of an NLRB hearing was upheld thus creating a narrow exception to *Myers* and to the NLRB's exclusive jurisdiction.[10] Two independent considerations persuaded the Supreme Court to carve out this narrow jurisdictional niche for district court review—NLRB action clearly in excess of its statutory authority and specific congressional preclusion of direct judicial review.

#### 1. *NLRB Action Clearly in Excess of Statutory Authority*

In *Kyne*, labor organization X petitioned the NLRB to be certified as collective bar-

---

**9.** 29 U.S.C. 160(b). Inter alia, the NLRB must issue a complaint, give notice and a hearing, receive evidence and make findings.

**10.** Other exceptions to the rule of nonreviewability are not applicable in this case and have not been argued by the parties. These other exceptions arise when there are issues of significant international importance, *McCulloch v. Sociedad National de Marineros de Honduras*, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963), or when the NLRB has violated a complainant's

constitutional rights, *Fay v. Douds*, 172 F.2d 720 (2nd Cir.1949). Also, the Fourth Circuit has recognized an exception, similar to the exception recognized in *Kyne*, which allows district court intervention when, contrary to the command of the Administrative Procedure Act, the NLRB unreasonably delays its action and, because the NLRB has not yet acted, there is no right to judicial review. *Deering–Milliken, Inc. v. Johnston*, 295 F.2d 856 (4th Cir.1961).

gaining agent for a unit of employees. The unit included only professional employees. Labor organization Y subsequently intervened and requested that the unit be expanded to include certain non-professional employees because these non-professional employees shared a close community of employment interests with the professional employees and because their inclusion would not destroy the predominantly professional character of the unit. *Kyne* at 186, 79 S.Ct. at 182, 183.

Section 9(b)(1) of the Act provides that when determining the appropriate collective bargaining unit, the NLRB "shall not (1) decide that any unit is appropriate for such purposes if such unit includes both professional employees and employees who are not professional employees unless a majority of such professional employees vote for inclusion in such unit...." 29 U.S.C. 159(b)(1).

The NLRB expressly found that the expanded unit included non-professional employees. The professional employees demanded their statutory right to vote on inclusion. The NLRB denied the professional employees' right to vote, certified the unit and directed that there be an election at which the unit's members would vote on whether to have labor organization X or labor organization Y represent them. Labor organization X won the election and was certified by the NLRB as the collective bargaining agent for the unit. *Kyne* at 188, 79 S.Ct. at 183–184. A certification proceeding is not subject to review by the Court of Appeals. *American Federation of Labor v. NLRB*, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940). Subsequently, labor organization X brought suit in district court on behalf of the professional employees to have the certification proceed-

ing invalidated and the election results set aside.

The Supreme Court explained that the district court could not determine the NLRB's jurisdiction, review its factual findings or review the merits of its decisions—those matters are reviewed by the Court of Appeals. *Kyne*, 358 U.S. at 188, 79 S.Ct. at 183–184. However, the Court held that the district court had jurisdiction to vacate the NLRB's determination. The difference, the Court explained, was that in *Kyne* the suit was:

> not one to 'review,' in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated power and contrary to a specific prohibition in the Act.

*Kyne* at 188, 79 S.Ct. at 183–184.

In *Kyne* the NLRB deliberately acted in excess of its statutory authority.[11] It did so by interpreting the statute to allow inclusion of both professional and non-professional employees in situations where the professional employees constituted a majority of the unit. *Kyne* at 199, 79 S.Ct. at 189–190 (Brennan, J., Dissenting). The district court was not reviewing the NLRB's decision, instead it was striking down an order which clearly exceeded the NLRB's power. *Kyne* at 188–189, 79 S.Ct. at 183–184.

In *Boire v. Greyhound Corporation*, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), the Court made clear that the *Kyne* exception was predicated upon a blatant statutory misinterpretation resulting in action clearly in excess of the NLRB's statutory authority.[12] In *Boire v. Greyhound*

---

11. The NLRB did not make a factual error, it found that the unit consisted of both professional employees and non-professional employees. The error was in certifying the unit without the required vote of the professional employees. This action directly contravened the statute. Congress gave the professional employees a right and Congress intended "judicial protection of rights it confers against agency action taken in excess of the delegated powers." *Kyne*, 358 U.S. at 190, 79 S.Ct. at 184–85.

12. In his dissent in *Kyne*, Justice Brennan argued that nothing in the legislative history of the Act indicated that "an exception was intended where the attack upon the Board's action is based upon an alleged misinterpretation of the statute", *Kyne* at 194, 79 S.Ct. at 187, and that there is no legislative evidence "that Congress intended an exception to permit direct judicial review for Board errors in statutory interpretation, ..?" *Kyne* at 195, 79 S.Ct. at 187 (Brennan, J., dissenting).

*Corporation,* a union sought to have a unit certified and it designated Greyhound as a co-employer of the employees in that unit.[13] Greyhound argued that those employees were employed by an independent contractor hired by Greyhound to clean its bus terminals. The NLRB found that Greyhound was a co-employer of the employees in the proposed unit, certified the unit and directed that an election be held, pursuant to section 9 of the Act, to determine whether the employees wanted the union to represent them.

Greyhound filed suit in district court to set aside the finding and enjoin the election. Greyhound claimed that its suit fell within the *Kyne* exception because the NLRB's finding resulted in an act which exceeded the NLRB's authority. The Supreme Court rejected this reasoning explaining that:

> ... whether Greyhound possessed sufficient indicia of control to be an 'employer' is essentially a factual issue, unlike the question in Kyne which depended solely upon construction of the statute. The Kyne exception is a narrow one, not to be extended to permit plenary District Court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law.

*Boire v. Greyhound Corporation* at 481, 84 S.Ct. at 899.

**13.** 29 U.S.C. 159(c) requires an employer/employee relationship.

**14.** The language of section 9(b)(1) is clear and its directive is mandatory. The NLRB found that the unit included non-professional employees and refused to allow the professional employees their statutory right. Authority to so act was specifically withheld by Congress. *Kyne* at 189, 79 S.Ct. at 184.

**15.** With respect to NLRB orders under section 9(d), the Act "provides for review in the courts only after the election has been held and the Board has ordered the employer to do something predicated upon the results of an election." *American Federation of Labor v. NLRB,* 308 U.S. at 411, 60 S.Ct. at 305, citing 79 Cong. Rec. 7658. *See also, Kyne,* 358 U.S. at 191–197,

Together, *Kyne* and *Boire v. Greyhound Corporation* make clear that the *Kyne* exception to the general rule of nonreviewability applies only when the NLRB has made an express statutory misinterpretation resulting in action which clearly exceeds the NLRB's statutory authority. The *Kyne* exception does not apply when an erroneous factual finding leads to an unauthorized act or to a misapplication of the statute—such errors are subject to review only by the Court of Appeals.

### 2. Specific Congressional Preclusion of Direct Judicial Review

That the NLRB exceeded its statutory authority in *Kyne* is clear.[14] However, an additional factor considered by the Supreme Court in *Kyne* was integral to the creation of an exception to the general rule of nonreview by district courts. The Court was careful to point out that *Kyne* involved a section 9 certification proceeding and that an NLRB order under section 9 "is not a 'final' order and therefore is not subject to judicial review except as it may be drawn in question by a petition for enforcement or review of an order, made under section 10(c) of the Act, restraining an unfair labor practice." *Kyne,* 358 U.S. at 187, 79 S.Ct. at 183 (quoting *American Federation of Labor v. NLRB,* 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1939)).[15]

It is this court's view that the *Kyne* exception is limited to situations in which Congress has specifically provided that there be no direct judicial review of NLRB action.[16] In *American Federation of La-*

79 S.Ct. at 185–188 (Brennan, J., dissenting). Though this results in delayed attempts to challenge certification proceedings, Congress understood and intended such delays. *Boire v. Greyhound Corp.,* 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964).

**16.** Plaintiffs cite several cases that have discussed the *Kyne* exception and assert that none of these cases has articulated the exception in terms of the two prong standard this court sets forth today. This court respectfully disagrees.

In some cases the absence of judicial review is not the focus of detailed discussion because *Kyne*'s threshold prong—NLRB action in excess of authority—has not been satisfied. For example, in *Cannery Warehousemen, Etc. v. Haig Berberian, Inc.,* 623 F.2d 77 (9th Cir.1980), the

*bor v. NLRB,* the Supreme Court held that Congress made a "deliberate choice" to preclude judicial review of section 9 proceedings "except in the circumstances specified in section 9(d)." *Id.* at 411, 60 S.Ct. at 305. Section 9(d) provides that review of a certification or representation matter may be included in a petition for review of an action restraining an unfair labor practice. No other procedure is provided for review of section 9 proceedings. *Id.* at 409, 60 S.Ct. at 304.[17]

## III. APPLICATION OF THE LAW TO THE FACTS OF THIS CASE[18]

■ In the present case the Hotels argue, and the NLRB does not dispute, that the bargaining units covered by the unexecuted agreements contain both supervisors and employees and are therefore inappro-

---

Ninth Circuit noted that in *Kyne* the Supreme Court emphasized that the " 'absence of jurisdiction of the federal courts' would mean a 'sacrifice or obliteration of a right which Congress' has given ..." and that "there is no other means to protect and enforce that right." *Cannery* at 80 (quoting *Leedom v. Kyne,* 358 U.S. at 190, 79 S.Ct. at 184–85). However, *Cannery* involved NLRB discretion in adhering to its prior precedents. The Ninth Circuit had already refused to extend *Kyne* to possible abuses of the NLRB's discretion. *Local #1547, International Brotherhood of Electrical Workers v. Local #959, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Independent,* 507 F.2d 872 (1974). For that reason *Cannery* failed to satisfy the first prong of the *Kyne* exception, rendering further analysis unnecessary.

Similarly, in *Smith Steel Workers v. A.O. Smith Corporation,* 420 F.2d 1 (7th Cir.1969), a union's argument that the NLRB had exceeded its authority was not preserved for consideration on appeal. Therefore the court had no reason to analyze the *Kyne* exception. However, the court did observe that the NLRB's action was not such an abuse of power as to invoke any of the exceptions to nonreviewability. *Id.* at 6–7. Again, the first prong of the *Kyne* exception had not been satisfied.

While the above mentioned cases did not discuss lack of judicial review because the first element of *Kyne* had not been satisfied, other courts have stated that lack of judicial review is the basis of the *Kyne* exception. For example, the Seventh Circuit, in *Chicago Automobile Association v. Madden,* 328 F.2d 766 (7th Cir.1964), explained that;

"[T]he basis for the exception formulated in *Kyne* was that the party adversely affected by the Board's action could not secure ultimate judicial review thereof under the Act's review provisions. *Kyne* involved a representation determination not of itself subject to review. The Supreme Court pointed out (citation omitted) that in the absence of federal district court jurisdiction the employees involved had no other means within their control to protect and enforce the right Congress had given them."

*Id* at 769.

Also, in *Bokat v. Tidewater Equipment Company,* 363 F.2d 667 (2nd Cir.1966), the Second Circuit, discussing the issue in the context of exhaustion of administrative remedies, stated

the rule that "no one is entitled to judicial relief ... until the prescribed judicial remedy is exhausted." *Bokat* at 671. However, the court explained that "[I]mplicit in any such standard is the possibility that where that review is not substantially adequate, different and more direct judicial intervention might be available." *Id* at 671. The court then observed that the cases allowing such an exception were "representation cases, not unfair labor practice cases" and that "there is deferred and more limited judicial review under § 9(d)" for representation cases. *Id* at 672.

Though this court believes that the Supreme Court's own opinions support this court's position, these other cases also support this court's reasoning, contrary to plaintiffs' assertion.

**17.** Plaintiffs maintain that lack of judicial review was not a consideration in *Kyne* because "technical review" of the certification proceeding was available through a subsequent unfair labor practice proceeding instituted under section 8(b)(3). Assuming this to be correct, it misses the point. The critical issue is lack of *direct* review. Congress intentionally precluded *direct* appellate review of such proceedings and required that they be reviewed only in conjunction with a subsequent unfair labor practice proceeding. Congress' action is consistent with the policies undergirding the Act because it promotes prompt initiation of the collective-bargaining process and avoids time consuming review of certification proceedings. However, in situations like *Kyne* where the NLRB deliberately exceeds its authority in a certification proceeding, the deliberate choice to limit judicial review serves no Congressional policy. In all other cases aggrieved parties could have the NLRB's action reviewed by the Court of Appeals. The *Kyne* exception acknowledged this and authorizes direct judicial review on NLRB action, in a limited circumstance.

**18.** This case is different from *Kyne* because in *Kyne* the NLRB had acted before the district court suit was filed. Here, the NLRB has not yet acted. This court assumes, for purposes of analysis, that the NLRB would rule against the Hotels.

priate for purposes of the Act.[19] Under the Act an employer's obligation to bargain collectively extends only to employees in an appropriate unit. In 1947 Congress amended the statutory definition of "employee" to exclude those defined as "supervisors," thereby excluding supervisors from the Act's coverage. *Florida Power & Light Co. v. International Brotherhood of Electrical Workers,* 417 U.S. 790, 808, 94 S.Ct. 2737, 2746, 41 L.Ed.2d 477 (1974).

 Assuming, without deciding, that the units contain both supervisors and employees, the Hotels are not obligated to bargain with them. An employer may voluntarily bargain with an organization representing supervisors but cannot be compelled to do so.[20] Therefore, the Hotels cannot violate Section 8(a)(5) of the Act which makes it an unfair labor practice for an employer to refuse to bargain with the representatives of its employees.

In *Kyne* the district court had jurisdiction to enjoin an NLRB proceeding because the NLRB exceeded its statutory authority by certifying a unit which admittedly included both professional and non-professional employees. In this case the NLRB does not dispute that the units include both employees and supervisors. However, the NLRB is holding a hearing to determine whether the Hotels have committed an unfair labor practice by refusing to bargain with the units. Because the Hotels can't be compelled to bargain with an inappropriate unit, this action by the NLRB satisfies the first element of the *Kyne* exception. It is clearly in excess of the NLRB's statutory authority because it violates a specific prohibition of the Act.

However, the second element of the *Kyne* exception is not satisfied. This case involves an unfair labor practice proceeding for which direct judicial review is available. If the NLRB rules against the Hotels, they can appeal directly to the Court of Appeals pursuant to 29 U.S.C. § 160(f). The Act's procedural provisions are adequate to assure judicial protection against arbitrary or unauthorized NLRB action. Therefore, the *Kyne* exception does not apply and this court is without jurisdiction.

IT IS HEREBY ORDERED that the plaintiffs' Motion for Stay of Administrative Action Pending Judicial Review be denied and that defendants' Motion to Dismiss be granted.

---

**19.** 29 U.S.C. 152(3) defines "employee" and 29 U.S.C. 152(11) defines "supervisor."

29 U.S.C. 164(a) provides in pertinent part: ... no employer ... shall be compelled to deem individuals defined herein as supervisors as employees for the purpose of any law ...

**20.** The loyalty of employees and supervisors differs—supervisors have a duty of loyalty to the employer while employees do not. Sections 29 U.S.C. 152(3) and 164(a) assure employers of supervisor loyalty "by reserving in him [the employer] the right to refuse to hire union members as supervisors ... and the right to refuse to engage in collective bargaining with them." *Florida Power & Light Co. v. International Brotherhood of Electrical Workers,* 417 U.S. 790, 808, 94 S.Ct. 2737, 2746, 41 L.Ed.2d 477 (1974).