[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14657

_____

D.C. Docket No. 1:11-cv-22919-JEM

AMERIJET INTERNATIONAL, INC.,

Plaintiff - Appellant,

versus

NATIONAL LABOR RELATIONS BOARD,
ROCHELLE KENTOV,
WILMA B. LIEBMAN,
U.S. ATTORNEY SD FLA,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2013)

Before BARKETT and MARCUS, Circuit Judges, and CONWAY,[*] District Judge.

_____

[*] Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle District
of Florida, sitting by designation.

PER CURIAM:

This appeal arises out of an NLRB investigation conducted by its General Counsel of an unfair labor practice charge filed against Amerijet by the International Brotherhood of Electrical Workers, Local Union 349, on behalf of several of Amerijet's cargo handler employees.  Amerijet responded to the investigation by filing suit in the United States District Court for the Southern District of Florida, seeking a declaratory judgment that the NLRB lacks jurisdiction to conduct even a preliminary investigation of the charge.  The district court dismissed the complaint for lack of subject-matter jurisdiction.[1]  We now affirm.

The text of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq., and binding case precedent have established that section 3(d) of the NLRA, 29 U.S.C. § 153(d), commits to the NLRB's General Counsel the unreviewable authority to initially investigate unfair labor practice charges in order to determine whether to file a formal agency complaint.  Thus, the district court properly concluded that it lacked jurisdiction to prohibit the NLRB from initially investigating unfair labor practice charges filed against Amerijet.

---

[1] As an initial matter, we reject Amerijet's claim that the district court's dismissal relied upon disputed material facts.  The court dismissed the case because it properly concluded that section 3(d) of the NLRA statutorily forecloses federal jurisdiction.

2

The Supreme Court has long held that the NLRB's decision to investigate an unfair labor practice charge is unreviewable by the federal courts.  See Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54 (1938).  Many years ago, the Court explained:

> It is suggested that, while the Board has the right and duty to make, under section 5 of the [NLRA], a preliminary informal inquiry before public action, for the purpose of informing itself whether a particular concern is subject to its authority, the District Court may entertain a suit to prevent the Board from conducting a public investigation under section 10, if the [employer] claims that it is not [subject to the Board's jurisdiction].  The limitation suggested would, in large measure, defeat the purpose of the legislation.  There is no basis in the act for such a contention.

Id. at 58 (citations omitted).  And in Bradley Lumber Co. of Ark. v. N.L.R.B., a panel of the former Fifth Circuit in binding precedent explained that the determination of whether the employer is subject to the NLRB's jurisdiction "is initially for the investigation of the Board itself, and not to be contested . . . before any District Court that may get jurisdiction of his person."  84 F.2d 97, 100 (5th Cir. 1936).[2]  The former Fifth Circuit also recognized that, "[e]ven in advance of a final order by the Board, jurisdiction can regularly be brought under judicial scrutiny, because no subpoena can be enforced nor any document or book be

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

compelled to be produced, nor any other order enforced save by appeal to a court, which would then and there refuse to sanction or aid any clear usurpation." Id.

In 1947, Congress passed the Taft-Hartley Act, which created the office of the General Counsel and expressly assigned to the General Counsel the NLRB's prosecutorial functions, notably including the authority to investigate unfair labor practice charges. See Labor-Management Relations (Taft-Hartley) Act, Pub. L. No. 80-101, 61 Stat. 136 (1947); see generally Frankl v. HTH Corp., 650 F.3d 1334, 1343 (9th Cir. 2011) (explaining effect of Taft-Hartley Act). Moreover, the NLRB's longstanding and unreviewable authority to initially investigate unfair labor practice charges was codified in section 3(d) of the NLRA, which provides that the NLRB General Counsel "shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints." 29 U.S.C. § 153(d) (emphasis added). In Bova v. Pipefitters & Plumbers Local 60, AFL-CIO, 554 F.2d 226, 228 (5th Cir. 1977), the former Fifth Circuit once again held in binding precedent that "[t]he investigation of unfair labor practice charges and whether an unfair labor practice complaint should be issued are matters committed by Congress, in 29 U.S.C. § 153(d), to the unreviewable discretion of the NLRB General Counsel . . . ." 554 F.2d at 228 (citing N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 138-39 (1975)); see also Beverly Health and Rehab. Servs., Inc. v. Feinstein, 103 F.3d 151, 153 (D.C. Cir. 1996) ("Section 153(d) of the NLRA

4

dictates that the General Counsel is the 'final authority . . . in respect of the investigation of charges and issuance of complaints . . . and in respect of the prosecution of such complaints before the Board.'  No provision of the Act provides for judicial review of any of these prosecutorial functions.  On the other hand, the Act specifically provides for judicial review of 'final order[s] of the Board.'" (internal citations omitted) (alterations in original)).

Amerijet claims, however, that Leedom v. Kyne, 358 U.S. 184 (1958), and Fla. Bd. of Bus. Regulation v. N.L.R.B., 686 F.2d 1362 (11th Cir. 1982), provide an exception that carries the company over the jurisdictional hurdle imposed by section 3(d) of the NLRA.  Amerijet's reliance on these cases is misplaced, however, because neither of them addressed section 3(d).  Rather, they dealt with NLRB representation proceedings, which arise under a different section of the NLRA.  Section 3(d), which makes unreviewable the NLRB's decision to investigate unfair labor charges filed under section 10 of the NLRA, 29 U.S.C. § 160 (Prevention of unfair labor practices), has no application in NLRB representation proceedings, which arise under section 9 of the NLRA, 29 U.S.C. § 159 (Representatives and elections), and are not investigated by the NLRB General Counsel.

Amerijet also seems to say that the district court may exercise jurisdiction over the matter anyway because the resolution of the merits is clear.  The problem

5

is that we cannot create jurisdiction in the district court in the face of a congressional pronouncement that leaves the power to conduct an initial inquiry solely in the hands of the NLRB's General Counsel.  See Friends of the Everglades v. U.S. E.P.A., 699 F.3d 1280, 1288 (11th Cir. 2012) ("Even if the resolution of the merits were foreordained -- an issue we do not decide -- the Supreme Court has explicitly rejected the theory of 'hypothetical jurisdiction.' . . . [A]n inferior court must have both statutory and constitutional jurisdiction before it may decide a case on the merits . . . ."  (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998))).

Finally, we are unpersuaded by Amerijet's suggestion that this leaves the company without any other recourse for challenging the NLRB's jurisdiction in federal court.  If, for example, the NLRB seeks to enforce a subpoena under section 11(2) of the NLRA, 29 U.S.C. § 161(2), it must do so in the district court, and Amerijet would be free to challenge the Board's jurisdiction at that point.  See F.E.C. v. Fla. for Kennedy Comm., 681 F.2d 1281, 1285 n.7 (11th Cir. 1982) ("[C]ourts should not summarily enforce an administrative subpoena when there is a question regarding the statutory jurisdiction of the agency to investigate the organization . . . .")  Moreover, if the NLRB issues a formal complaint and subsequently orders that relief be granted, Amerijet may challenge the Board's final order before this Court, including its jurisdiction.  See 29 U.S.C. § 160(f).

6

**AFFIRMED.**